UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, <br><br> Defendants. | Civil Action No: |

## PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER, ASSET FREEZE, APPOINTMENT OF A RECEIVER, AND OTHER ANCILLARY RELIEF

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff, the United States Securities and Exchange Commission ("SEC"), by its attorneys, respectfully moves this Court for entry of the following relief against Defendants Enterprise Trust Company ("Enterprise"), John H. Lohmeier ("Lohmeier"), and Rebecca A. Townsend ("Townsend") (collectively, "Defendants") to prevent them from continuing to violate certain provisions of the federal securities laws as described in the SEC's Complaint:

   1.   A Temporary Restraining Order ("TRO" or "Order") against Defendants:

        a.   temporarily restraining and enjoining each of the Defendants and their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the Order by personal service or otherwise, and each of them, from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §

78j(b)] and Rule 10b-5 thereunder [17 CFR.§ 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    i.    to employ any device, scheme, or artifice to defraud;

    ii.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    iii.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

b.    ordering each Defendant, within 2 days of issuance of the TRO, to identify all of their funds and assets and liabilities having a value equal to or greater than $5,000;

c.    ordering a separate accounting by each Defendant within 4 days of issuance of the TRO, as set forth in further detail in the proposed TRO;

d.    restraining Enterprise from destroying, mutilating, concealing, altering or disposing of any documents;

e.    restraining Lohmeier and Townsend from destroying, mutilating, concealing, altering or disposing of any documents relating to Enterprise, or any documents relating to any of their personal current or former asset or liabilities, or relating to any other business or personal financial dealings since January 1, 2006;

f. requiring Enterprise to produce to the SEC, within 5 days of the issuance of the TRO, all financial statements, accountant's reports, bank statements, brokerage statements, documents indicating Enterprise's or any of its clients' title to real or personal property and any other indicia of current asset ownership in their possession, custody or control;

g. requiring Enterprise to produce to the SEC, within 5 days of the issuance of the TRO, all books, records and other documents in their possession, custody or control relating to any current and former clients of Enterprise, including any communications with any current and former clients;

h. requiring Defendants to serve any answering affidavits, pleadings or legal memoranda on counsel for the SEC not less than 3 business days prior to any preliminary injunction hearing;

j. ordering that any party that intends to present the testimony of any witness in a preliminary injunction hearing in this matter shall at least 3 business days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number of the witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of the witness' expected testimony; and

j. ordering that the Defendants appear in this Court to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure extending the temporary relief granted in this TRO (and the

Asset Freeze Order discussed below) until a final adjudication on the merits may be had.

2.     An Asset Freeze Order immediately freezing all funds and other assets of Lohmeier or held in his name or for his benefit; and freezing all of Enterprise's corporate assets and all assets held in Enterprise's name or held for Enterprise's benefit in any bank or brokerage accounts or any accounts at any other financial institution ("Freeze Order");

3.     An Order immediately appointing a receiver over Enterprise in order to: (a) identify and preserve all assets of Enterprise and its clients, (b) temporarily oversee the operations of Enterprise; (c) examine the books and records, finances, accounts, and operations of Enterprise; and (d) make a report and recommendation to the Court with respect to the appropriate course of action to take with respect to Enterprise's operations, assets, and clients within 21 days of the Receiver's appointment; and

4.     Such other relief as the Court may deem appropriate.

In support of this motion, the SEC adopts and incorporates the facts and arguments contained in its Memorandum in Support of its Motion for a Temporary Restraining Order, Asset Freeze, Appointment of a Receiver, and Other Ancillary Relief and all of the declarations, testimonies, and other documents filed in support of this motion.

                    Respectfully submitted,

                    */s/*

                    Steven J. Levine (IL Bar No. 6226921)
                    Steven L. Klawans (IL Bar No. 6229593)
                    Allison M. Fakhoury (IL Bar No.6281486)

                    Attorneys for Plaintiff
                    Securities and Exchange Commission
                    175 W. Jackson Blvd., Suite 900
                    Chicago, IL 60604
                    Telephone: (312) 353-7390
                    Facsimile: (312) 353-7398

Dated: March 3, 2008

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| **ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER,** and **REBECCA A. TOWNSEND,** | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that on this 3rd day of March 2008, I caused copies of the following documents

✓1. Emergency Motion for a Temporary Restraining Order, Asset Freeze, Appointment of a Receiver, and Other Ancillary Relief
2. Memorandum In Support of Its Emergency Motion For a Temporary Restraining Order, Asset Freeze, Appointment of a Receiver, and Other Ancillary Relief
3. Proposed Asset Freeze Order
4. Proposed Temporary Restraining Order and Order for Emergency Relief
5. Motion to File Brief in Excess of 15 Pages
6. Notice of Emergency Motion
7. Complaint
8. Declaration of John Haworth
9. Declaration of Benjamin Morof
10. Compendium of Exhibits

to be served on the John Letteri and Peter Unger, Esq., at their physical and email addresses as listed below, by electronic transmission and overnight delivery, except for item 10 and the exhibits attached to item 9, which I caused to be served via overnight delivery only.

Peter Unger, Esq.
John Letteri, Esq.

Howrey, LLP
1299 Pennsylvania, Ave, NW
Washington, DC 20004-2402
UngerP@howrey.com
LetteriJ@howrey.com

_____
Steven Levine