UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER,<br>and REBECCA A. TOWNSEND,<br><br>Defendants. | Civil Action No: |

### TEMPORARY RESTRAINING ORDER AND ORDER FOR EMERGENCY RELIEF

This cause coming before the Court upon Plaintiff United States Securities and Exchange Commission ("SEC") Emergency Motion for Temporary Restraining Order, Asset Freeze Order, Appointment of a Receiver, and Other Ancillary Relief (the "TRO motion") against Defendant Enterprise Trust Company ("Enterprise"), John H. Lohmeier ("Lohmeier"), and Rebecca A. Townsend ("Townsend") (collectively, "Defendants"). The Court has considered the SEC's TRO motion, the memorandum of law in support the motion, the declarations of John H. Haworth and Benjamin Morof, and all of the exhibits and other documents filed in connection therewith, has read the complaint, and considered the arguments of counsel for all parties, and having been fully advised in the premises, finds:

(1)     That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto.

(2)     That the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by the Defendants as

alleged in the SEC's TRO motion. There is good cause to believe that the SEC will ultimately succeed in establishing said violations. The SEC has made a sufficient and proper showing that there is a reasonable likelihood that the Defendants will harm the investing public by continuing to violate the federal securities laws. The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, the Defendants will continue to violate the federal securities laws and will dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, the Court hereby orders as follows:

## I.

## **TEMPORARY RESTRAINING ORDER**

**IT IS HEREBY ORDERED** that, pending determination of the SEC's request for a Preliminary Injunction, the Defendants and their agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them who receive actual notice of this Temporary Restraining Order and Order For Emergency Relief ("Order") by any manner permitted by the Order, are hereby restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)], and Rule 10b-5 promulgated thereunder [17 CFR § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

## IDENTIFICATION OF ASSETS AND LIABILITIES

**IT IS FURTHER ORDERED** that each of the Defendants shall provide to the SEC, within 2 days of issuance of the TRO, a list identifying each of their funds, assets and liabilities that they own, control or otherwise have a beneficial interest having a value equal to or greater than $5,000, and for each such asset or liability, shall: (a) describe the asset or liability; (b) identify the location of the asset (including account numbers for assets held by financial or brokerage institutions); (c) identify the person or persons who have nominal title to the asset or to whom the liability is owed; and (d) provide the date the asset was acquired or the liability was incurred.

## III.

## ACCOUNTING

**IT IS FURTHER ORDERED** that each of the Defendants shall, within 4 days of issuance of the TRO, shall:

 (a) Provide the SEC with an accounting that includes at least the following:

  (1) a list of all assets of all Enterprise clients that have been placed in trust with Enterprise, or transferred to Enterprise, or over which Enterprise has exercised any custodial or managerial or discretionary powers, or has otherwise placed within the custody or management of Enterprise at any time since its inception;

  (2) a list of all Enterprise clients who have entered into advisory or other asset management agreements at any time since its inception (including without limitation Enterprise's Private Portfolio Investment Agency Agreement),

3

and contact information for each Enterprise client, and for each indicate (a) whether such client's assets is considered by Enterprise to be an actively managed or a custodial client (if such client has a mix of actively managed and custodial asset, indicate for such client the category that applies to each asset); (b) the dates of all of such client's assets placed under management (whether actively managed or custodial), and the value of each asset at the time of placement under management; and (c) the present value of such client's the assets under management;

(3) a list of all accounts at all financial institutions, including all brokerage institutions, in the name of any Defendants or over which any of the Defendants has had any direct or indirect beneficial interest or control at any time since January 1, 2006, and for each account, the current balance;

(4) a list identifying the date, amount, source and location of receipt of any and all transfers of any assets of $1,000 or greater made from Enterprise either directly or indirectly to or for the benefit of Lohmeier or Townsend or any relative of either, since its inception;

(5) a separate schedule and accounting of the assets and liabilities for each Defendant as of March 3, 2008, breaking out all assets and liabilities having a value of $5,000 or greater;

(b) produce to the SEC, within 5 days of the issuance of this Order, all books, records and all other documents supporting or underlying the accounting provided to the SEC pursuant to this order;

(c) produce to the SEC, within 5 days of the issuance of this Order, all financial

4

statements, accountant's reports, bank statements, brokerage statements, documents indicating title to real or personal property, and any other indicia of ownership or interest in property of the Defendants, which indicia of ownership or interest are now in the Defendants' actual or constructive possession; and

(d) produce to the SEC, within 5 days of the issuance of the TRO, all books, records and other documents in their possession, custody or control relating to any current or former clients of Enterprise, including any communications with any current or former clients, and all investor agreements, risk questionnaires or other documents signed by any current of former client.

## IV.

## RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located of or pertaining: (a) in any way to Enterprise or any matters described in the Complaint filed by the SEC in this action and wherever located; or (b) relating to Lohmeier or Townsend's personal current or former assets or liabilities, or relating to any other business or personal financial dealings since January 1, 2006, until further order of this Court.

## V.

## EXPEDITED DEPOSITION OF DEFENDANTS

**IT IS FURTHER ORDERED** that immediately upon entry of this Order, the SEC to take the deposition of Lohmeier and Townsend subject to 3 business days of service. Should the Defendants in this matter fail to appear for a properly noticed deposition, they may be prohibited from introducing evidence at the hearing on the SEC's request for a preliminary injunction;

### VI.

### PLEADINGS AND WITNESSES FOR PRELIMINARY INJUNCTION HEARING

(a) If any party to this action intends to present the testimony of any witness at the hearing on a preliminary injunction in this matter, that such party shall, at least three 3 business days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony;

(b) Requiring Defendants to serve any answering affidavits, pleadings or legal memoranda on counsel for the SEC not less than 3 business days prior to any preliminary injunction hearing.

### VII.

### DURATION OF ORDER, PRELIMINARY INJUNCTION HEARING DATE

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that:

This Order shall expire at _____ o'clock ___.m., on _____, 2008 or such later date as may be extended by the Court, or agreed upon by the parties hereto.

That Defendants shall appear before this Court on the _____ day of _____, 2008 at the hour of _____ o'clock, ___.m., and then and there show cause why this Court should not enter a preliminary injunction and order preliminary relief against the Defendants pursuant to Rule 65

of the Federal Rules of Civil Procedure extending the temporary relief granted in this TRO and the Asset Freeze Order until a final adjudication on the merits may be had;

## VIII.

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

## IX.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS FURTHER ORDERED** that nothing in the TRO shall be construed to require that Defendants abandon or waive any constitutional or other legal privilege which they may have available to them.

**SO ORDERED:**

Dated: March _____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE