UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER,<br>and REBECCA A. TOWNSEND,<br><br>Defendants. | Civil Action No: |

## ASSET FREEZE ORDER

This cause coming before the Court upon motion by the Plaintiff United States Securities and Exchange Commission ("SEC") for an Order Freezing Assets of Defendant Enterprise Trust Company ("Enterprise") and John H. Lohmeier ("Lohmeier"). The Court has considered the SEC's Emergency Motion for a Temporary Restraining Order, Asset Freeze, Appointment of a Receiver, and Other Ancillary Relief, the memorandum of law in support thereof, the declarations of John G. Haworth and Benjamin Morof, and all of the exhibits and other documents filed in connection therewith, and read the SEC's Complaint filed in this matter, and considered the arguments of counsel for all parties.

Being fully advised in the premises, the Court finds that the SEC has made a sufficient and proper showing in support of the relief granted by presenting a *prima facie* case of securities laws violations by the Defendants Enterprise and Lohmeier, and showing a reasonable likelihood that Defendants Enterprise and Lohmeier will harm the investing public by continuing to violate

certain provisions of the federal securities laws. The Court finds good cause to believe that, unless restrained and enjoined by Order of this Court, Defendants Enterprise and Lohmeier will dissipate, conceal, impair, or transfer from the jurisdiction of this Court assets which could be subject to an Order of Disgorgement. Accordingly, the Court hereby orders as follows:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A. All funds and other corporate assets of Enterprise Trust Company, all funds and other assets held in the name of Enterprise Trust Company, and all funds and other assets held for the benefit of Enterprise Trust Company are hereby frozen; and

B. All funds and assets of John H. Lohmeier, held in the name of John H. Lohmeier, and held for the benefit of John H. Lohmeier are also hereby frozen.

C. Accordingly, until the Court's adjudication of this case on its merits or otherwise ordered by the Court, Defendants Enterprise Trust Company and John H. Lohmeier, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

(1). transferring, selling, encumbering, receiving, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any assets or property, including, but not limited to, cash, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, owned by, controlled by, or in the possession of Enterprise

Trust Company or John H. Lohmeier, including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which Enterprise Trust Company or John H. Lohmeier have signatory authority or a beneficial interest; and

(2).    transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds or assets, that constitute Enterprise Trust Company client funds or any accounts or property into which Enterprise Trust Company client funds were deposited or invested.

## II.

**IT IS HEREBY FURTHER ORDERED THAT**, any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Section I of this Order, in the name of, for the benefit of, or under the control of Enterprise Trust Company or John H. Lohmeier , or any account holding Enterprise Trust Company client funds wherever located, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets.

**SO ORDERED:**

Dated: March ____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE