UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | |
| v. | Civil Action No. 08 CV 1260 |
| **ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER,** and **REBECCA A. TOWNSEND,** | Judge: James B. Zagel |
| Defendants. | |

## ORDER APPOINTING RECEIVER OVER ENTERPRISE TRUST COMPANY

This cause coming to be heard on the emergency motion filed by Plaintiff Securities and Exchange Commission ("SEC" or "Commission") filed on March 3, 2008 seeking, among other things, the appointment of a Receiver, and renewed motion for the appointment of a Receiver on March 5, 2008, over defendant Enterprise Trust Company ("Enterprise"), the memorandum of law submitted in support of the emergency motion, the supporting declarations of John Haworth and Benjamin Morof and the exhibits filed in connection therewith;

This Court having previously entered a Temporary Restraining Order and Order for Emergency Relief against all defendants, and an Asset Freeze Order and First Amended Asset Freeze Order against defendants Enterprise Trust Company and John H. Lohmeier ("Lohmeier"), by agreement of the parties;

This Court having conducted hearings on both March 3 and March 4, 2008, at which both parties submitted evidence and made arguments;

The Commission having submitted the credentials of a candidate to be appointed Receiver of all of the assets, properties, books and records, and other items of Enterprise, including any properties, assets and other items held for the benefit of Enterprise by other entities or individuals, and all assets held in the custody of Enterprise for the benefit of any clients of Enterprise (whether custodial or managed) and the Commission has advised the Court that this candidate is prepared to assume this responsibility if so ordered by the Court; and

The Court being fully advised in the premises, the Court finds that a proper showing has been made for the relief granted herein, for the following reasons:

1. Plaintiff has established a <u>prima facie</u> case that Enterprise and Lohmeier have engaged in conduct in violation of Section 10(b) of the Securities Exchange Act of 1934.

2. It appears that Enterprise and Lohmeier have misused and dissipated assets that rightfully belong to Enterprise clients; and made fraudulent and misleading statements to its clients and to broker-dealers concerning the use of those assets.

3. Due in part to Enterprise and Lohmeier's apparent misconduct, it appears that Enterprise is in a precarious financial condition and some or all of its clients have suffered and may suffer additional financial losses.

4. The appointment of a receiver is necessary to: (a) preserve the status quo; (b) ascertain the rightful ownership interests in certain assets currently within the possession, custody and control of Enterprise, and the disposition of client funds; (c) prevent the further misappropriation or misuse of the property and assets held by Enterprise on behalf of its clients; and (d) prevent the encumbrance or disposal of property or assets rightfully belonging to Enterprise clients.

### I.

### [Appointment]

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED** that **Phillip L. Stern** is hereby appointed the Receiver for Enterprise, its subsidiaries, successors and assigns, for a period of at least 28 days, subject to such extensions as the Court may grant either by motion or on its own initiative. The Receiver is empowered and instructed to perform the following general tasks, as set forth in greater detail herein:

- A. administer and manage the business affairs, funds, assets, choses in action and any other property of Enterprise;

- B. engage in an independent inquiry concerning Enterprise's finances and operations, including the identification and location of all assets under management;

- C. prepare an independent accounting of Enterprise, including the accounting and identification of assets required, as to Enterprise, in Sections II and III of the TRO issued on March 3, 2008; and

- D. Prepare a Report and Recommendation, as described in Section III below.

### II.

### [Legal Powers to Conduct Business Affairs]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver shall take control of Enterprise's operations, funds, assets and property wherever situated, with the powers set forth herein, including powers over all funds, assets, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, and other property belonging to or in the possession of or control of Enterprise, and the Receiver is hereby authorized, empowered, and directed:

- A. to have access to and take control of all funds, assets, premises (whether owned, leased, occupied or otherwise controlled), choses in action, books, records, papers, and other property of Enterprise -- including assets and

    funds within Enterprise's possession, custody or control that are held for the benefit of its clients -- with full power to monitor and approve each transaction, disbursement or receipt of funds, or any other disposition relating to such funds, assets or property, and with full power to take such steps as he deems necessary to secure such premises, funds and property;

  B. to have control of, and to be added as an authorized signatory for, all accounts of Enterprise at any bank, brokerage firm or financial institution which has possession, custody or control of any Enterprise assets or funds, or assets or funds within Enterprise's possession, custody or control that are held for the benefit of its clients, wherever situated;

  C. to take such action as is necessary and appropriate to preserve and take control of, and to prevent the dissipation, concealment, or disposition of any assets of Enterprise, or assets within Enterprise's possession, custody or control that are held for the benefit of its clients;

  D. to make or authorize such payments and disbursements from the funds and assets taken into control, or thereafter received by him, and to incur, or authorize the incurrence of, such expenses and make, or authorize the making of, such agreements as may be reasonable, necessary and advisable in discharging his duties as Receiver;

  E. to engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, counsel, accountants, and investment adviser; and

### III.

### [Investigation and Report]

**IT IS FURTHER ORDERED AND DECREED** that, in connection with this appointment, the Receiver shall prepare and submit to the Court and the parties, within 21 days after its appointment a report setting forth findings and recommendations as set forth herein, including:

  A. Findings setting forth the assets and liabilities of Enterprise as of January 1, 2006, September 24, 2007 and March 3, 2008;

  B. Findings tracing the flow of funds between Enterprise and all clients, including Lohmeier and defendant Rebecca Townsend;

  C. Findings, for each client of Enterprise (including, but not limited to all fee-paying clients, all custodial clients, all managed clients, and all persons

        listed on the Strategy Client List included as Exhibit 20 to the declaration of John Haworth filed on March 3, 2008) identifying and determining the value of all assets (apart from real property) placed under the custody of Enterprise;

D.   Ascertaining the rightful ownership interests of assets currently within the possession, custody and control of Enterprise;

E.   Findings describing all operations of Enterprise and identifying all persons involved in such operations and the nature of their involvement;

F.   Findings assessing Enterprise's current financial condition and its the viability as a going concern;

G.   Findings assessing Enterprise's solvency, liquidity and ability to return all assets placed with Enterprise by all clients of Enterprise;

H.   Findings assessing Enterprise's ability to continue to fund the Receivership;

I.   Recommendations concerning the maximization of Enterprise's value and the preservation of its assets pending resolution of this lawsuit;

J.   Recommendations concerning the future management of Enterprise, including, but not limited to, whether Lohmeier should be permitted to retain any control or management authority over Enterprise during the pendency of this lawsuit; and

K.   Recommendations concerning the continuation, if at all, of the Receivership.

## IV.

### [Obligations of Others to Receiver]

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in connection with the appointment of the Receiver provided for above:

A.   Enterprise and its officers, agents, servants, employees, attorneys-in-fact, shareholders, and other persons who are in custody, possession, or control of any assets, books, records, or other property of Enterprise, or of assets or funds within Enterprise's possession, custody or control that are held for the benefit of its clients, shall forthwith give access to and control of such property to the Receiver, and shall forthwith grant to the Receiver

5

      authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions which have possession, custody or control of any assets or funds in the name of or for the benefit of Enterprise and/or its clients;

B.    All banks, brokerage firms, financial institutions, and other business entities which have possession, custody or control of any assets, funds or accounts in the name of or for the benefit of Enterprise and/or its clients and/or Lohmeier shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets and accounts to the Receiver;

C.    Unless and as authorized by the Receiver, Defendants shall not take any action, or purport to take any action, in the name of or on behalf of Enterprise;

D.    Enterprise and its respective officers, agents, servants, employees, and attorneys-in-fact, shall cooperate with and assist the Receiver, including, if deemed necessary by the Receiver, by appearing for deposition testimony and producing documents, upon two days' faxed notice, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the conduct of his duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the Receiver of the funds, assets, premises, and choses in action described above;

E.    Enterprise shall be responsible for paying the costs, fees and expenses of the Receiver incurred in connection with the performance of his duties described herein, including the costs and expenses of those persons who may be engaged or employed by the Receiver to assist him in carrying out his duties and obligations hereunder. All applications for costs, fees and expenses for services rendered in connection with the Receiver shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court;

F.    No bond shall be required in connection with the appointment of the Receiver. Except for an act of gross negligence, the Receiver shall not be liable for any loss or damage incurred by Enterprise, or their officers, agents or employees, or any other person, by reason of any act performed or omitted to be performed by the Receiver in connection with the discharge of his duties and responsibilities hereunder.

6

V.

**[Access to books and records]**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, during the period of his appointment, the Receiver shall have continuing access to inspect or copy any or all of the corporate books and records and other documents of Enterprise, and continuing access to inspect the funds, property and assets of Enterprise and any assets or funds within the possession, custody or control of Enterprise that are held for the benefit of its clients, wherever they may be located.

VI.

**[Compensation, Cap on Payments]**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Receiver, and any agent utilized by the Receiver, are entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Receiver; said amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to the approval of the Court; <u>provided</u>, <u>however</u>, that the Receiver may not receive compensation exceeding $100,000 during the initial 28 day appointment without the prior approval of the Court. The fees may be paid to the Receiver, upon approval of the Court, from any bank account in the name of Enterprise, or any account designated by the Court.

VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____, 2007