IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA TOWNSEND,<br><br>Defendants. | Case No.   08 CV 1260<br><br>Judge James B. Zagel |

**MOTION TO WITHDRAW APPEARANCE**

Pursuant to Local Rule 83.17, Howrey LLP hereby moves this Court to allow it to withdraw as counsel for Defendants Enterprise Trust Company, John H. Lohmeier and Rebecca Townsend (collectively, "Defendants"), and to no longer participate in these proceedings. In support of this motion, Howrey LLP states as follows:

1. In late November 2007, Howrey was retained to represent jointly the Defendants in matters related to complaints by Ruthe Gomez and her company, Advisory Financial Consultants, Inc. (AFC), matters related to a complaint then pending against Defendants in a Financial Industry Regulatory Authority (FINRA) arbitration, matters related to the Securities and Exchange Commission's (SEC) request for information, and matters related to investigations by the Illinois state banking and insurance regulators (collectively, the "Matters"). Howrey confirmed that it was appropriate and desirable for the Defendants to be represented jointly by the same law firm, and the Defendants agreed.

2. Howrey received telephonic notice from the SEC on the afternoon of Monday, March 3, 2008, that a complaint was being filed against the Defendants in this Court and that a temporary restraining order, an asset freeze and a receiver were being sought on an expedited

basis. Howrey attorneys participated in discussions with the SEC and the telephonic hearing with Judge Kennelly held that afternoon which resulted in the agreed to restraining and asset freeze orders. Over the next two days, Howrey attorneys participated in the telephonic hearing with this Court on Tuesday, March 4, 2008, participated in several discussions with the SEC, and were physically present and participated in the evidentiary hearing occurring on Wednesday, March 5, 2008. After that hearing, this Court entered a verbal order appointing a Receiver. That order was memorialized in a written order dated March 6, 2007.

3. During the week of March 3, 2008, while dealing with the Matters, including those occurring in this Court, Howrey was involved in discussions with the SEC and the appointed Receiver. Howrey had been involved for several weeks in producing information and documents to the SEC and represented the individual Defendants in deposition testimony before the SEC and FINRA. During this time period, Howrey believed that it was appropriate and desirable that the Defendants be represented by a single law firm and represented the Defendants jointly.

4. For the first time, on Friday, March 7, 2008, Howrey became aware that it could no longer represent the Defendants jointly or any of them individually consistent with its professional obligations. Howrey, after lengthy internal discussions with the appropriate individuals in the firm responsible for dealing with these issues, immediately informed the Defendants that it could no longer represent the Defendants jointly or any of them individually. Howrey telephonically informed the SEC and the Receiver of Howrey's intent to withdraw on Saturday, March 8, 2008, and in writing on Monday, March 10, 2008.

5. Howrey has not entered a written appearance or filed any documents in this matter prior to today. In its professional judgment, Howrey can no longer represent the Defendants jointly or any of them individually further in this matter. In light of the sensitivity of the issues related to this decision, Howrey is not able, consistent with its professional obligations, to more fully articulate its judgment and the reasons related to that judgment. If the Court desires a more complete discussion of this situation, Howrey will certainly do whatever it can to satisfy the Court, including an in camera discussion of the situation.

6. At all times since informing the Defendants of its need to withdraw from the Matters, Howrey has stated that it will do whatever it can appropriately do to transition the Matters to new counsel and to protect the interests of the Defendants. Howrey has and will continue to do so. To protect the Defendants' ability to pay living expenses and to have legal representation, on behalf of Lohmeier, Howrey has filed a Motion To Modify The Asset Freeze Order.

WHEREFORE, Howrey LLP respectfully requests that this Court grant its motion to withdraw from this matter.

DATE: March 11, 2008

Stephen D. Libowsky (#6187081)
Howrey LLP
321 N. Clark Street – Suite 3400
Chicago, Illinois 60610
(312) 595-1239
(312) 595-2250(fax)
libowskys@howrey.com