IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 CV 1260 |
| v. | ) ) | Judge James B. Zagel |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA TOWNSEND, | ) ) ) | |
| Defendants. | ) ) ) | |

## MOTION TO MODIFY THE ASSET FREEZE ORDER

John Lohmeier hereby moves this Court to modify the Asset Freeze Order entered on March 3, 2008, in order to release funds to pay day-to-day living expenses and to pay outstanding and future legal fees. In support of this Motion, Lohmeier states as follows:

1.    On March 3, 2008, this Court entered an Asset Freeze Order prohibiting the use of any funds of Enterprise Trust Company and Lohmeier without permission of the Court. On March 5, 2008, this Court appointed a Receiver to manage Enterprise Trust Company and to account for and report on its financial condition.

2.    Lohmeier needs relief from the Asset Freeze Order in order to pay living expenses for himself and his family. Lohmeier's spouse is employed and makes sufficient monies to support the family. In discussions with the Receiver, the Receiver has agreed that it is appropriate to allow the Lohmeiers to use the funds currently on deposit at TCF Bank in Account No. 1876450586 and Mrs. Lohmeier's salary, expense reimbursements and flex account payments for living expenses so long as the Lohmeiers timely produce to the Receiver monthly bank statements of all activities. Lohmeier's affidavit setting forth these facts and terms is attached as Exhibit 1.

3.    Lohmeier needs further relief from the Asset Freeze Order to pay outstanding legal fees and future legal fees. Howrey LLP currently is owed in excess of $375,000 in fees and expenses related to the several matters related to and giving rise to these proceedings. The vast bulk of those fees and expenses relate to services performed with respect to the SEC investigation and lawsuit. A check representing funds to pay a portion of those fees and expenses was sent to Howrey in February 2008 but was not honored when the Asset Freeze Order took effect. Howrey has agreed to reduce its fees and expenses to $335,000 for the work done to date on this matter and for any necessary and appropriate work done to transition these matters to new counsel. (*See* Affidavit of Stephen D. Libowsky attached as Exhibit 2.)

4.    In discussions with the Receiver, the Receiver has agreed to allow Lohmeier to transfer monies to pay to Howrey's fees and expenses related to the SEC investigation and lawsuit either from Lohmeier's monies on deposit at Enterprise Trust Company or to allow Lohmeier to liquidate assets for this purpose. The Receiver has further agreed to allow Lohmeier to transfer additional funds to new counsel on a monthly basis out of any monies Lohmeier can demonstrate to the Receiver's satisfaction were deposited at Enterprise Trust Company by Lohmeier or to allow Lohmeier to liquidate assets for this purpose. Lohmeier's affidavit setting forth these facts and terms is attached as Exhibit 1.

5.    In July 2007, a complaint was filed against Wintrust Financial Corporation, Hinsbrook Bancshares, Inc., and Lohmeier concerning the trust account of the mother and grandmother of the plaintiffs. A copy of that complaint is attached as Exhibit 3. Wintrust Financial Corporation and Hinsbrook Bancshares agreed to indemnify Lohmeier in this suit and agreed to pay the legal fees and expenses of Lohmeier. This suit was settled by the defendant banks in January 2008. The total legal fees and expenses of Lohmeier were $14,420.58. (*See* Exhibit 2.) Payment to Howrey from the banks (or their insurance carriers) is expected in the normal course of business. Lohmeier requests that this payment be permitted.

WHEREFORE, John H. Lohmeier respectfully requests that relief from and modification of the Asset Freeze Order be granted as follows:

1.    Lohmeier and his family be allowed to use he funds on deposit at TCF Bank in Account No. 1876450586 and all monies from Mrs. Lohmeier's salary, expense reimbursements and flex account payments;

2.    The Receiver be allowed to pay Howrey LLP $335,000 out of Lohmeier funds on deposit at Enterprise Trust Company or from assets liquidated by Lohmeier and approved in advance by the Receiver;

3.    The Receiver be allowed to pay future legal fees and expenses out of Lohmeier's funds on deposit at Enterprise Trust Company after the Receiver is satisfied Lohmeier deposited those funds; and

4.    Wintrust Financial Corporation and Hinsbrook Bancshares (or their insurance carrier) be allowed to pay Howrey LLP $14,420.58 related to the work performed on the Magnuson suit.

DATE:  March 11, 2008

Stephen D. Libowsky (#6187081)
Howrey LLP
321 N. Clark Street – Suite 3400
Chicago, Illinois 60610
(312) 595-1239
(312) 595-2250(fax)
libowskys@howrey.com

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA TOWNSEND, | ) ) ) |
| Defendants. | ) ) ) |

Case No.    08 CV 1260

Judge James B. Zagel

## AFFIDAVIT OF JOHN LOHMEIER

John H. Lohmeier, being duly sworn upon oath, states as follows:

1.    I need relief from the Asset Freeze Order in order to pay living expenses for me and my family. My wife, Julie, is employed and makes sufficient monies to support the family. In discussions Howrey LLP has had with the Receiver, I understand that the Receiver has agreed to allow the Lohmeiers to use the funds currently on deposit at TCF Bank in Account No. 1876450586 and Mrs. Lohmeier's salary, expense reimbursements and flex account payments for living expenses so long as we timely produce to the Receiver monthly bank statements of all activities. I will do so. I agree that the only monies the Lohmeiers will use will be those currently on deposit at TCF Bank in Account No. 1876450586 and Mrs. Lohmeier's salary, expense reimbursements and flex account payments for living expenses. The balance in that TCF Bank Account as of today is $32,754.10, according to the on-line banking statement.

2.    In discussions Howrey has had with the Receiver, the Receiver has agreed to allow me to transfer monies to pay to Howrey's fees and expenses related to the SEC investigation and lawsuit either from monies I had previously deposited at Enterprise Trust Company or to allow me to liquidate assets for this purpose. The Receiver has further agreed to

DM_US:21080802_1

allow me to transfer additional funds to new counsel on a monthly basis out of any monies I can

demonstrate to the Receiver's satisfaction were deposited at Enterprise Trust Company by me or

to allow me to liquidate assets for this purpose. I would like the Receiver to transfer $175,000

immediately to Howrey and the remaining $160,000 within 90 days.

DATE: March 11, 2008

_____
John H. Lohmeier

Subscribed and sworn before me

this _11_ day of March, 2008.

My commission expires _Oct. 4, 2011_

"OFFICIAL SEAL"
James L'Irocco
Notary Public, State of Illinois
Cook County
My Commission Expires Oct. 04, 2011

DM_US:21080802_1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA TOWNSEND, )<br><br>Defendants. ) | Case No.    08 CV 1260<br><br>Judge James B. Zagel |

**AFFIDAVIT OF STEPHEN D. LIBOWSKY**

Stephen D. Libowsky, being duly sworn upon oath, states as follows:

1.       I am a Partner in the Chicago, Illinois, office of Howrey LLP.  I have been one of the attorneys representing the Defendants in various matters related to this action.  I have been a member of the Georgia Bar since 1982 and the Illinois Bar since 1984.  I have personal knowledge of the facts set forth below.

2.       In late November 2007, Howrey was retained to represent jointly the Defendants in matters related to complaints by Ruthe Gomez and her company, Advisory Financial Consultants, Inc. (AFC), matters related to a complaint then pending against Defendants in a Financial Industry Regulatory Authority (FINRA) arbitration, matters related to the Securities and Exchange Commission's (SEC) request for information, and matters related to investigations by the Illinois state banking and insurance regulators (collectively, the "Matters").  Howrey confirmed that it was appropriate and desirable for the Defendants to be represented jointly by the same law firm, and the Defendants agreed.

3.       I am the Partner at Howrey responsible for the financial matters related to this representation of Defendants in the Matters.

4.      As of today, Howrey's fees and expenses related to the representation of Defendants in the matter is in excess of $375,000.  In that all of the time for each timekeeper and all of the expenses incurred have not yet been entered into the firm's billing and accounting system, I am not able to obtain a precise figure.

5.      Howrey has agreed to accept $335,000 as full satisfaction of all fees and expenses to date in the matters.

6.      Howrey's fees and expenses in the Magnuson matter were $14,420.58.

DATE:  March 11, 2008



Stephen D. Libowsky

Subscribed and sworn before me
this _11th_ day of March, 2008.

My commission expires _1/26/10_ .

"OFFICIAL SEAL"
KATHLEEN E BASA
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 01/26/10

# EXHIBIT 3

**IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT**
**DUPAGE COUNTY, ILLINOIS**

MITCHELL E. MAGNUSON, JEFFREY A. )
MAGNUSON, NANCY A. MAGNUSON, SARA )
MAGNUSON, KAITLIN MAGNUSON and )
REBECCA MAGNUSON )
                         )
           Plaintiffs, )
                         )
vs. )
                         )
WINTRUST FINANCIAL CORPORATION, )
an Illinois Corporation, HINSBROOK )
BANCSHARES, INC., an Illinois )
Corporation, d/b/a HINSBROOK BANK & )
TRUST COMPANY, and )
JOHN H. LOHMEIER, )
                         )
           Defendants. )

2007L000714

Status Date: 10/09/07
Mgmt Date: 12/03/07
Assigned To: 2014

**FILED**
Jul 11 2007 - 12:40 PM

*Chris Kachiroubas*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DU PAGE COUNTY ILLINOIS

**JURY DEMANDED**

## COMPLAINT

Plaintiffs, Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson, by and through their attorneys, Stoltmann Law Offices, P.C. and Law Office Of Stanley Schwartz, bring this complaint at law against defendants Wintrust Financial Corporation, Hinsbrook Bancshares, Inc., doing business as Hinsbrook Bank & Trust Company, and John H. Lohmeier, and state as follows:

### Parties

1. Plaintiff Mitchell Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in the Village of Villa Park, DuPage County, Illinois and is the brother of Jeffrey Magnuson and Nancy Magnuson.

2.   Plaintiff Jeffrey Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in Village of Villa Park, DuPage County, Illinois and is the brother of Mitchell Magnuson and Nancy Magnuson.

3.   Plaintiff Nancy Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in Village of Lombard, DuPage County, Illinois and is the sister of Mitchell Magnuson and Jeffrey Magnuson and is the mother of Sara Magnuson.

4.   Plaintiff Sara Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in Village of Lombard, DuPage County, Illinois and is the daughter of Nancy Magnuson.

5.   Plaintiff Kaitlin Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in Village of Villa Park, DuPage County, Illinois and is the daughter of Jeffrey Magnuson.

6.   Plaintiff Rebecca Magnuson, a beneficiary of the Sally A. Magnuson Trust, is an individual who at all times relevant resides in Village of Villa Park, DuPage County, Illinois and is the daughter of Jeffrey Magnuson.

7.   Defendant Wintrust Financial Corporation (hereinafter "Wintrust") is an Illinois corporation with its principal place of business in Lake Forest, Illinois. Wintrust is a financial services holding company with assets in excess of $8 billion and operates offices throughout the Chicago and Milwaukee areas. Wintrust and its subsidiaries are involved in banking, wealth management, financing, and mortgage origination. At all times relevant, Wintrust operated retail and commercial banks in the State of Illinois and held itself out as providing trust

management services. Wintrust merged with Hinsbrook Bancshares, Inc. in May 2006.

8.     Defendant Hinsbrook Bancshares Inc. (hereafter "HBI"), doing business as Hinsbrook Bank & Trust Company, is an Illinois corporation and has its principal place of business in Willowbrook, Illinois. HBI has been a subsidiary of Wintrust since a merger between the two entities in May 2006. At all times relevant, HBI operated retail and commercial banks in the State of Illinois, including Hinsbrook Bank & Trust Company, and held itself out as providing trust management services. Hinsbrook Bank & Trust is a member of the Federal Deposit Insurance Corporation ("FDIC").

9.     John H. Lohmeier (hereinafter "Defendant Lohmeier" or "Lohmeier"), upon information and belief, is an individual residing in the village of Oak Brook, County of DuPage, and State of Illinois. At all times relevant, Lohmeier served as a trust officer for Hinsbrook Bank & Trust.

## Facts

10.     From October of 2003 until March of 2006, the Sally Magnuson Trust, Account # 3130, was maintained at Hinsbrook Bank & Trust. Defendant Lohmeier, as a trust officer, was responsible for servicing the portfolio and effectuating transactions for the account.

11.     From December 2005 through March of 2006, the Sally Magnuson Estate, Account # 5006 (with Account #3130, hereinafter referred to as the "accounts" or "trust accounts"), was maintained at Hinsbrook Bank & Trust. Defendant

Lohmeier, as a trust officer, was responsible for servicing the portfolio and effectuating transactions for the account.

12. From around October of 2003 through March of 2006, Hinsbrook Bank & Trust provided Defendant Lohmeier with the means to sell, buy and otherwise deal in securities for the firm's trust clients.

13. At all times while Defendant Lohmeier was a trust officer of HBI, and HBI, doing business as Hinsbrook Bank & Trust, had a duty to supervise his activities.

14. While he was associated with it, HBI had the right to exercise control over Defendant Lohmeier's conduct and activities.

15. At all times during the time he was associated with it, Defendant HBI had the right to terminate Defendant Lohmeier as their trust officer.

16. At all times relevant and while employed with HBI, Defendant Lohmeier maintained discretionary control over the accounts with the ability to buy, sell and trade securities and investments without authorization from the beneficiaries prior to each trade, thereby exerting full and complete control over the accounts.

17. At all times relevant Defendants HBI charged an annual fee for its trust services which was a percentage of the assets held at Hinsbrook Bank & Trust.

18. In addition to the annual fee charged to the accounts, the Defendants also charged the accounts commissions and other fees for the management services.

19. The total commissions charged to both accounts were approximately $39,882.00.

20. These commissions were not disclosed to the beneficiaries during the time any of the accounts were opened with the Defendants.

21. Between October 23, 2003 and July 31, 2006, the accounts had total purchases

in the account of $12,306,318, average equity of $1,389,993, and an annual turnover rate, relative to equity, of 3.5 times.    Essentially, Defendant Lohmeier was excessively trading the assets in the accounts.

22.    Defendant Lohmeier placed the account funds in several unsuitable, high-risk investments.

23.    Likewise, Defendant Lohmeier often traded the securities in these accounts on a very rapid basis, which is not prudent for an account in which the beneficiaries wanted to protect the principal and grow the value of the funds in a slow and gradual manner.

24.    Unsuitable stock positions traded in account #3130 include, but are not limited to:

   a. NASDAQ 100 Shares (bought on October 29, 2003 and sold October 31, 2003),

   b. ECollege.com (bought November 4, 2003 and sold November 6, 2003),

   c.  Profunds Ultrashort Small Cap Fund (bought October 31, 2003 and sold November 6, 2003),

   d.  Avid Technology (bought November 4, 2003 and sold December 4, 2003),

   e. NASDAQ 100 Shares (bought November 21, 2003 and sold November 26, 2003),

   f.    Lionbridge Technologies (bought November 4, 2003 and sold December 4, 2003),

   g. Yahoo (bought November 6, 2003 and sold December 4, 2003),

   h. EResearch Technology (bought November 6, 2003 and sold December

5, 2003),

    i.  Cognizant Technology Solutions Corp. (bought November 6, 2003 and sold December 4, 2003),

    j.  Applied Signal Technology Corp. (bought November 14, 2003 and sold December 29, 2003), and

    k.  Profunds Ultrashort Small Cap Fund (bought December 29, 2003 and sold December 31, 2003).

25.    Bond trading engaged in by Defendant Lohmeier in the accounts include, but are not limited to the following transactions:

    a.  $50,000 of FHLB Step Up Strips Maturing on 12/24/18 bought on December 24, 2003 and sold on September 27, 2004 (no gain or loss);

    b.  $40,000 of Federal Home Loan Bank Maturing on 12/17/18 bought on December 17, 2003 and sold on March 18, 2004;

    c.  $20,647 of JC Penny Maturing on 6/15/04 bought on December 15, 2003 and sold on 6/16/04 ($647 loss); and

    d.  $15,000 of FHLB Step Up Notes Maturing on 12/24/18 bought on February 12, 2004 and sold on September 27, 2004.

26.    Mutual fund switching engaged in by Defendant Lohmeier includes, but is not limited to the following transactions:

    a. $85,521 of Rydex Dynamic Velocity 100 Fund bought on December 15, 2004 and sold on December 15, 2004;

    b. $282,996 of Profunds Ultrashort Small Cap Fund bought on December 30, 2003 and sold on December 31, 2003;

c. $100,109 of Rydex Dynamic Velocity 100 Fund bought on February 3, 2004 and sold on February 17, 2004 ($928 gain);

d. $336,625 of Profunds Ultra OTC Fund bought on December 31, 2003 and sold on January 7, 2004 ($14,419 gain);

e. $282,996 of Profunds Ultrashort Small Cap Fund bought on December 30, 2003 and sold on December 31, 2003 ($15,485 gain);

f. $4,383 of the Rydex Precious Metals Fund bought on December 19, 2003 and sold on January 9, 2004 ($30 loss);

g. $100,109 of the Rydex Dynamic Velocity 100 Fund bought on February 3, 2004 and sold on February 17, 2004 ($928 gain);

h. $81,998 of the Rydex Long Dynamic Dow 30 Fund bought on March 31, 2004 and sold on April 14, 2004 ($892 gain);

i. $45,588 of the Rydex Dynamic Venture 100 Fund bought on April 14, 2004 and sold on April 20, 2004 ($1,569 gain);

j. $60,460 of the Ultra Mid-Cap Profund bought on May 5, 2004 and sold on June 30, 2004 ($1,080 loss);

k. $39,299 of the Ultra Mid-Cap Profund bought on May 5, 2004 and sold on July 22, 2004 ($3,081 loss);

l. $138,908 of the Ultra Mid-Cap Profund bought on May 5, 2004 and sold on July 30, 2004 ($16,631 loss); and

m. $74,993 of the Precious Metals Ultra Sector Profund bought on July 30, 2004 and sold on August 5, 2004 ($3,795 gain).

27. All decisions to buy, sell, or trade securities in both accounts were made at the

sole and exclusive discretion of Defendant Lohmeier.

### COUNT I - Illinois Securities Law of 1953
(Plaintiffs v. Defendants Wintrust Financial Corporation,
Hinsbrook Bancshares, Inc., and John H. Lohmeier)

28.  Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara

Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege

paragraphs 1 through 27 as though fully stated herein as paragraph 28.

29.  At all times material herein, there existed in the State of Illinois, a statute entitled

the Illinois Securities Law of 1953, 815 ILCS 5/12, which provides:

It shall be a violation of the provisions of this Act for any person:
\* \* \*

F.   To engage in any transaction, practice or course of business in
connection with the sale or purchase of securities which works or
tends to work a fraud or deceit upon the purchaser or seller thereof.
G.   To obtain money or property through the sale of securities by
means of any untrue statement of a material fact or any omission to
state a material fact necessary in order to make the statements
made, in the light of the circumstances under which they were
made, not misleading.
H.   To sign or circulate any statement, prospectus, or other paper or
document required by any provision of this Act or pertaining to any
security knowing or having reasonable grounds to know any
material representation therein contained to be false or untrue.
I.   To employ any device, scheme or artifice to defraud in connection
with the sale or purchase of any security, directly or indirectly.

815 ILCS 5/12.

30.  Defendants engaged in activity that was deceitful, fraudulent, and designed to

create commissions, fees or additional management expenses.

31.  Defendants Wintrust and HBI were obligated to reasonably supervise Defendant

Lohmeier's servicing of the Trust accounts under his control.

32.  Furthermore, Defendants made false and misleading statements to the Plaintiff in order to induce her to initially entrust the accounts to HBI and then maintain the portfolio with their agent Defendant Lohmeier.

33.  The day trading activity, bond trading, failure to asset allocate, the non-disclosure of commissions above and beyond the annual management fee, and the failure to asset allocate and diversify the portfolio by Defendants constituted a device, scheme, or artifice to defraud in connection with the sale or purchase of securities in violation of the Illinois Securities Law, 815 ILCS 5/12.

34.  The beneficiaries reasonably and justifiably relied on the misrepresentations made, and expertise of, the Defendants in agreeing to delegate the management of the Trust accounts.

35.  As a direct and proximate result of Defendants' fraudulent course of conduct, the Plaintiffs suffered financial damage, plus loss of interest.

36.  This pleading will serve as notice to the Defendants that the Plaintiffs seek rescission of all unprofitable trades in the trust accounts, pursuant to 815 ILCS 5/13(B). This request for rescission has been made within six months that the Plaintiffs learned of the Defendants' conduct constituting violations of the Illinois Securities Law.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a.  rescission of all securities transactions where the trading positions were unprofitable, pursuant to 815 ILCS 5/13;

b.  interest from the date of purchase of each of the unprofitable positions at a rate of 10% per annum, pursuant to 815 ILCS 5/13(A)(1);

c.    attorney fees, pursuant to 815 ILCS 5/13(A);

d.    reasonable costs, pursuant to 815 ILCS 5/13(A); and

e.    any other remedy that the Court deems just and equitable.

### COUNT II - Consumer Fraud Act
(Plaintiffs v. Defendants Wintrust Financial Corporation,
Hinsbrook Bancshares, Inc., and John H. Lohmeier)

37.    Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 36 as though fully stated herein as paragraph 37.

38.    At all times material herein, there existed in the State of Illinois, a statute entitled the Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/2, which provides:

Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act.

815 ILCS 505/2.

39.    The Defendants received undisclosed compensation for the management of these accounts.

40.    Furthermore, Defendant Lohmeier, as agent and employee of the Defendants,

excessively traded the securities held within the accounts and often put the assets in risky securities, incurring losses in the value of the accounts.

41.　The placement of the account funds in risky investments (which was against the express wishes of the beneficiaries, who wanted to protect the principal) and the receipt of undisclosed compensation constituted deceptive acts or practices pursuant to the Consumer Fraud Act.

42.　The aforesaid course of conduct of the Defendants was involved in trade or commerce.

43.　The Plaintiffs were consumers of the Defendants' trust management services.

44.　It was the intention of the Defendants that the Plaintiffs rely on the repeated false statements and representations.

45.　As a direct and proximate result of Defendants' fraudulent course of conduct, the Plaintiffs suffered financial damage, plus loss of interest.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a.　actual damages;

b.　damages based on the difference in the value of the accounts as they are today versus the value of the accounts had they been properly invested, pursuant to 815 ILCS 505/10a(a);

c.　punitive damages;

d.　attorney fees, pursuant to 815 ILCS 505/10a(c);

e.　reasonable costs, pursuant to 815 ILCS 505/10a(c); and

f.　such other and further remedy that the Court deems just and equitable.

### COUNT III - Common Law Fraud
(Plaintiffs v. Defendants Wintrust Financial Corporation,
Hinsbrook Bancshares, Inc., and John H. Lohmeier)

46.    Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 45 as though fully stated herein as paragraph 46.

47.    Defendant Lohmeier, individually and as agent of the Defendants, made false statements of material fact when he represented that the trust accounts were properly invested and when he failed to disclose all compensation received from the management of these accounts.

48.    The Defendants knew the aforesaid statements were false at the time they were made to Plaintiffs.

49.    The Defendants made the false statements with the intent to induce the Plaintiffs to keep their accounts under the management of the Defendants.

50.    The Plaintiffs relied on the truth of the statements made by the Defendants.

51.    As a result of the reliance on the aforesaid false statements, the Plaintiffs suffered financial loss.

52.    Furthermore, Defendants' conduct was willful and malicious and a violation of trust and confidence.

53.    Defendant Wintrust's and HBI's conduct in failing to supervise and monitor Defendant Lohmeier's conduct was wanton and grossly negligent.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a.    actual damages;

b.    punitive damages;

c.    attorney fees;

d.    reasonable costs; and

e.    any other remedy that the Court deems just and equitable.

## COUNT IV - Negligent Supervision
(Plaintiffs v. Defendants Wintrust Financial Corporation, Hinsbrook Bancshares, Inc.)

54.    Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 53 as though fully stated herein as paragraph 54.

55.    At all times relevant, Defendants Wintrust and HBI had duties to supervise their agents and employees, including Defendant Lohmeier, to protect their customers.

56.    Defendants had duties to provide procedures and policies to supervise its agents and employees to ensure proper handling of trust assets.

57.    Defendants breached their duties to their customers, including Plaintiffs, by the following acts or omissions:

a.    Failing to adequately supervise Defendant Lohmeier;

b.    Failing to establish adequate and/or written procedures to supervise and monitor the conduct of Defendant Lohmeier;

c.    Failing to enforce its supervisory procedures and policies to monitor the conduct of Defendant Lohmeier; and

d.    Failing to regularly audit Lohmeier's management of the trust accounts.

58.    As a direct and proximate result of Defendants' breach of their duties, the Plaintiffs suffered financial damage.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a. actual damages;

b. punitive damages;

c. attorney fees;

d. reasonable costs; and

e. any other remedy that the Court deems just and equitable.

## COUNT V - Negligence
(Plaintiffs v. Defendants Wintrust Financial Corporation,
Hinsbrook Bancshares, Inc., and John Lohmeier)

59. Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 58 as though fully stated herein as paragraph 59.

60. At all times relevant, Defendants had duties to the Plaintiffs, including the duties to properly invest the trust account funds and to refrain from excessively trading the funds in the accounts, taking into consideration the wishes of the Plaintiffs.

61. Defendants breached their duties to the Plaintiffs by the following acts or omissions:

a. Failing to properly invest the trust account funds;

b. Failing to allocate and diversify the funds in the account; and

c. Excessively trading the trust account funds;

62. As a direct and proximate result of Defendants' breach of their duties, the Plaintiffs suffered financial damage.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a.    actual damages;

b.    punitive damages;

c.    attorney fees;

d.    reasonable costs; and

e.    any other remedy that the Court deems just and equitable.

## COUNT VI - Fraudulent Concealment
(Plaintiffs v. Defendants Wintrust Financial Corporation,
Hinsbrook Bancshares, Inc., and John H. Lohmeier)

63.    Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 62 as though fully stated herein as paragraph 63.

64.    The Defendants knowingly withheld and concealed the following facts from the Plaintiff:

a.    That the Defendants did not properly allocate and diversify the investments in the trust accounts;

b.    That the Defendants were receiving undisclosed compensation for managing the trust accounts; and

c.    That the Defendants were excessively trading securities in the trust accounts more than what was necessary.

65.    The aforementioned withheld and concealed facts were material.

66.    The Defendants withheld and concealed these facts with the intent to induce the Plaintiffs from attempting to transfer their trust account assets to another bank and/or trust company.

67.    The Plaintiffs acted in justifiable and reasonable reliance on the facts as they knew them.

68.    As a direct and proximate resulted of the Defendants' concealment of these facts, the Plaintiffs suffered financial damage.

69.    Furthermore, Defendants' conduct was willful and malicious and a violation of trust and confidence.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a.    actual damages;

b.    punitive damages;

c.    attorney fees;

d.    reasonable costs; and

e.    any other remedy that the Court deems just and equitable.

## COUNT VII – BREACH OF FIDUCIARY DUTY
(Plaintiffs v. Defendants Wintrust Financial Corporation, Hinsbrook Bancshares, Inc., and John H. Lohmeier)

70.    Plaintiffs Mitchell E. Magnuson, Jeffrey A. Magnuson, Nancy A. Magnuson, Sara Magnuson, Kaitlin Magnuson and Rebecca Magnuson restate and reallege paragraphs 1 through 69 as though fully stated herein as paragraph 70.

71.    As trust account managers, the Defendants are fiduciaries to the Plaintiffs and the trust accounts.

72.    The Defendants owed fiduciary duties to the Plaintiffs and the trust accounts in their role as fiduciaries, including the duties to act in the best interests of the Plaintiffs, to inform the Plaintiffs of all compensation they were receiving, to

inform the Plaintiffs of all risks involved, and to invest the funds of the accounts in prudent and proper manner.

73. The Defendants breached their duties to the Plaintiffs and the trust accounts in the following manner:

a. Defendants failed to properly allocate and diversify the portfolio of these accounts, in violation of the Prudent Investor Rule, 760 ILCS 5/5(a),

b. Defendants failed to inform the Plaintiffs about all compensation they received for managing the trust accounts, including the undisclosed commissions,

c. Defendants, through their agent Defendant Lohmeier, excessively traded securities in the accounts more than was necessary, in violation of the Prudent Investor Rule, 760 ILCS 5/5(a),

d. Defendants failed to inform the Plaintiffs of the risks involved in trading these securities,

e. Defendants otherwise acted in their own best interests instead of acting in the best interests of the Plaintiffs.

74. As a direct and proximate result of the Defendants' breach of their fiduciary duties to the Plaintiffs and the trust accounts, the Plaintiffs suffered financial damage.

WHEREFORE, the Plaintiffs pray for judgment against the Defendants for:

a. actual damages;

b. punitive damages;

c. attorney fees;

d.      reasonable costs; and

e.      any other remedy that the Court deems just and equitable.


**<u>The Plaintiffs also request a trial by jury.</u>**

Respectfully Submitted,


Andrew Stoltmann, One of the Plaintiffs' Attorneys

Andrew Stoltmann
David Neuman
Stoltmann Law Offices, P.C.
DuPage Atty #: 218972
10 S. LaSalle St., Suite 3500
Chicago, IL 60603
(312) 332-4200

Stanley Schwartz
Law Office Of Stanley Schwartz
10 S. LaSalle, Suite 3300
Chicago, IL 60603
(312) 332-1818