UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER,<br>and REBECCA A. TOWNSEND,<br><br>Defendants. | Civil Action No: 08 CV 1260<br><br>Judge James B. Zagel |

PRELIMINARY INJUNCTION ORDER AGAINST
DEFENDANT ENTERPRISE TRUST COMPANY

Before the Court is the *Agreed Motion for a Preliminary Injunction Order Against Defendant Enterprise Trust Company* filed by Plaintiff Securities and Exchange Commission ("SEC") and Defendant Enterprise Trust Company ("Enterprise"), though its Receiver. The Court has previously entered a Temporary Restraining Order and Order for Emergency Relief ("TRO") against all of the Defendants in this action, and has also entered an Asset Freeze Order, First Modified Asset Freeze Order, and Order Appointing Receiver. This motion essentially seeks to convert the TRO to a Preliminary Injunction as to Defendant Enterprise, which would remain in effect during the pendency of this litigation.

Defendant Enterprise has agreed, through its Receiver, to the entry of this Preliminary Injunction Order without admitting or denying the allegations of the Complaint except as to jurisdiction, and without a hearing, argument or adjudication of any fact or law. Defendant

Enterprise has waived findings of fact or conclusions of law, as well as any right to appeal from this Preliminary Injunction.

While recognizing that Defendant Enterprise has agreed to the entry of this Preliminary Injunction Order, the Court also finds that the SEC has made a proper showing for injunctive relief as required under the provisions of Section 20(b) of the Securities Act of 1933, 15 U.S. § 77t(b) and Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(d). Having considered the Motion for Preliminary Injunction Order Against Defendant Enterprise Trust Company, the SEC's Complaint, the SEC's TRO motion, the Memorandum in Support of the SEC's TRO motion and the supporting Declarations of John Haworth and Benjamin Morof, and the exhibits thereto, and all of the sworn statements, testimony transcripts, exhibits, legal memoranda and arguments of counsel that comprise the record in this case, and having otherwise been fully advised in the premises, the court finds the following:

1. That the court has jurisdiction over the party to this Preliminary Injunction Order and the subject matter in this case;

2. That the SEC has demonstrated a substantial likelihood of success in proving that Defendant Enterprise Trust Company has engaged and, if the Receivership is terminated, unless restrained and enjoined, likely to engage in transactions, practices and courses of business that violations of Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 [15 U.S.C. §77e and §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C.§78j(b)], and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5];

> Deleted: are

3. That there is good cause to believe that if the Receivership is terminated Defendant Enterprise Trust Company will continue to engage in such transactions, acts, practices and courses of business and in such violations unless restrained and enjoined by Order of this

Court;

4. That there is good cause to believe that, if the Receivership is terminated unless restrained and enjoined, Defendant Enterprise Trust Company may dissipate, conceal or transfer from the jurisdiction of the Court, assets that could be subject to an order of disgorgement or civil penalties;

5. That there is also good cause to believe that, if the Receivership is terminated unless restrained and enjoined, Defendant Enterprise Trust Company may destroy documents relevant to this lawsuit; and

6. That therefore, by agreement of the SEC and Enterprise, through its Receiver, Plaintiff's motion for entry of a Preliminary Injunction Order against Defendant Enterprise Trust Company should be, and hereby is, **GRANTED**, and the following Order issued:

## I.

### PRELIMINARY INJUNCTION ORDER

**IT IS HEREBY ORDERED** that Defendant Enterprise Trust Company, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (1) employing any device, scheme or artifice to defraud;

    (2) making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in

3

      the light of the circumstances under which they were made, not misleading; or

(3)  engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## II.

## IDENTIFICATION OF ASSETS AND LIABILITIES

**IT IS FURTHER ORDERED** that Defendants Lohmeier and Townsend remain obligated to comply with Section II (Identification of Assets and Liabilities) of the TRO, both with respect to themselves and also with respect to Enterprise Trust Company, and are required to cooperate fully with the Enterprise's Receiver to enable the Receiver to discharge his duties as set forth in the Order Appointing Receiver.

## III.

## ACCOUNTING

**IT IS FURTHER ORDERED** that Defendants Lohmeier and Townsend remain obligated to comply with Section III (Accounting) of the TRO, both respect to themselves and also with respect to Enterprise Trust Company, and are required to cooperate fully with the Enterprise's Receiver to enable the Receiver to discharge his duties as set forth in the Order Appointing Receiver.

## IV.

**RECORDS PRESERVATION**

**IT IS FURTHER ORDERED** that Defendant Enterprise Trust Company and its officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located of or pertaining: (a) in any way to Enterprise or any matters described in the Complaint filed by the SEC in this action and wherever located; or (b) relating to Lohmeier or Townsend's personal current or former assets or liabilities, or relating to any other business or personal financial dealings since January 1, 2006, until further order of this Court.

**V.**

**ASSET FREEZE ORDERS**

**IT IS FURTHER ORDERED** that the Asset Freeze Order and First Amended Asset Freeze Orders previously entered by the Court in this action shall remain in full force and effect until further Order of the Court.

**VI.**

**ORDER APPOINTING RECEIVER**

**IT IS FURTHER ORDERED** that the Order Appointing Receiver previously entered by the Court shall remain in full force and effect until further Order of the Court. <u>**IT IS FURTHER ORDERED that Sections I through V of this Order shall not apply to the Receiver.**</u>

5

## VII.

### DURATION OF ORDER, PRELIMINARY INJUNCTION HEARING DATE

[reserved]

## VIII.

### SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

**SO ORDERED:**

Dated: March 14, 2008

_____
James B. Zagel
UNITED STATES DISTRICT COURT JUDGE

6