UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, <br><br> Defendants. | Civil Action No: 08 CV 1260 <br><br> Judge James B. Zagel |

**PRELIMINARY INJUNCTION ORDER AGAINST
DEFENDANTS LOHMEIER AND TOWNSEND**

Before the Court is the *Agreed Motion for a Preliminary Injunction Order Against Defendants Lohmeier and Townsend* filed by Plaintiff Securities and Exchange Commission ('SEC") and Defendants John H. Lohmeier ("Lohmeier") and Rebecca A. Townsend ("Townsend")*.*

The Court has previously entered a *Temporary Restraining Order and Order for Emergency Relief* ("TRO") against all of the Defendants in this action (Docket No. 16), an *Agreed First Extension of Temporary Restraining Order and Order for Emergency Relief Against Defendants Lohmeier and Townsend* (Docket No. 38), a *Preliminary Injunction Order Against Defendant Enterprise Trust Company* (Docket No. 40)*,* an *Asset Freeze Order* against Defendants Enterprise and John H. Lohmeier ("Lohmeier") (Docket No. 22), a *First Modified Asset Freeze Order* against Defendants Enterprise and Lohmeier (Docket No. 24), and an *Order Appointing Receiver Over Enterprise Trust Company* (Docket No. 18).

This motion seeks to convert the TRO to a Preliminary Injunction as to Defendants Lohmeier and Rebecca A. Townsend ("Townsend"), which would remain in effect during the pendency of this litigation.

Defendants Lohmeier and Townsend have agreed, through their counsel, to the entry of this Preliminary Injunction Order without admitting or denying the allegations of the Complaint except as to jurisdiction, and without a hearing, argument or adjudication of any fact or law. Defendants Lohmeier and Townsend have waived findings of fact or conclusions of law, as well as any right to appeal from this Preliminary Injunction Order.

While recognizing that Defendants Lohmeier and Townsend have agreed to the entry of this Preliminary Injunction Order, the Court also finds that the SEC has made a proper showing for injunctive relief as required under the provisions of Section 20(b) of the Securities Act of 1933, 15 U.S. § 77t(b) and Section 21(d) of the Securities Exchange Act of 1934, 15 U.S.C. §78u(d). Having considered the Motion for Preliminary Injunction Order Against Defendants Lohmeier and Townsend, the SEC's Complaint, the SEC's TRO motion, the Memorandum in Support of the SEC's TRO motion and the supporting Declarations of John Haworth and Benjamin Morof, and the exhibits thereto, and all of the sworn statements, testimony transcripts, exhibits, legal memoranda and arguments of counsel that comprise the record in this case, and having otherwise been fully advised in the premises, the court finds the following:

1.    That the court has jurisdiction over the parties to this Preliminary Injunction Order and the subject matter in this case;

2.    That the SEC has demonstrated a substantial likelihood of success in proving that Defendants Lohmeier and Townsend have engaged and, unless restrained and enjoined, likely to engage in transactions, practices and courses of business that violations of Sections 5(a), 5(c) and

17(a) of the Securities Act of 1933 [15 U.S.C. §77e and §77q(a)], Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C.§78j(b)], and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5];

      3.      That there is good cause to believe that Defendants Lohmeier and Townsend will continue to engage in such transactions, acts, practices and courses of business and in such violations unless restrained and enjoined by Order of this Court;

      4.      That there is good cause to believe that Defendant Lohmeier, unless restrained and enjoined by Order of this Court, may dissipate, conceal or transfer from the jurisdiction of the Court, assets that could be subject to an order of disgorgement or civil penalties;

      5.      That there is also good cause to believe that Defendants Lohmeier and Townsend, unless restrained and enjoined by Order of this Court, may destroy documents relevant to this lawsuit; and

      6.      That therefore, by agreement of Plaintiff and Defendants Lohmeier and Townsend, the Agreed Motion for Entry of a Preliminary Injunction Order against Defendant's Lohmeier and Townsend should be, and hereby is, **GRANTED,** and the following Order issued:

## I.

### PRELIMINARY INJUNCTION ORDER

**IT IS HEREBY ORDERED** that Defendants Lohmeier and Townsend, and their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly, in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

      (1)    employing any device, scheme or artifice to defraud;

      (2)    making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

      (3)    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5].

## II.

## IDENTIFICATION OF ASSETS AND LIABILITIES

**IT IS FURTHER ORDERED** that Defendants Lohmeier and Townsend remain obligated to comply with Section II (Identification of Assets and Liabilities) of the TRO, both with respect to themselves and also with respect to Enterprise Trust Company, and are required to cooperate fully with the Enterprise's Receiver to enable the Receiver to discharge his duties as set forth in the Order Appointing Receiver.

## III.

## ACCOUNTING

**IT IS FURTHER ORDERED** that Defendants Lohmeier and Townsend remain obligated to comply with Section III (Accounting) of the TRO, both respect to themselves and also with respect to Enterprise Trust Company, and are required to cooperate fully with

Enterprise's Receiver to enable the Receiver to discharge his duties as set forth in the Order Appointing Receiver.

## IV.

## **RECORDS PRESERVATION**

**IT IS FURTHER ORDERED** that Defendants Lohmeier and Townsend, and their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, files and other property, wherever located: (a) relating to Enterprise or any matters described in the Complaint filed by the SEC in this action and wherever located; or (b) relating to Lohmeier or Townsend's personal current or former assets or liabilities, or relating to any other business or personal financial dealings by them since January 1, 2006, until further order of this Court.

## V.

## **ASSET FREEZE ORDERS**

**IT IS FURTHER ORDERED** that the Asset Freeze Order and First Modified Asset Freeze Orders previously entered by the Court in this action shall remain in full force and effect until further Order of the Court.

## VI.

## ORDER APPOINTING RECEIVER

**IT IS FURTHER ORDERED** that the Order Appointing Receiver previously entered by the Court shall remain in full force and effect until further Order of the Court.

**IT IS FURTHER ORDERED** that Sections I through V of this Order shall not apply to the Receiver.

## VII.

## DURATION OF ORDER

**IT IS FURTHER ORDERED** that this Order shall remain effective throughout the pendency of this litigation, except as modified by further order of this Court.

## VIII.

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

**SO ORDERED:**

Dated:  March _____, 2008

_____
UNITED STATES DISTRICT COURT JUDGE