UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, <br><br> Defendants. | Civil Action No: 08 CV 1260 <br><br> Judge James B. Zagel |

### DEFENDANT LOHMEIER AND PLAINTIFF SEC'S AGREED MOTION TO MODIFY ASSET FREEZE ORDER

Defendant John H. Lohmeier ("Lohmeier") and Plaintiff Securities and Exchange Commission ("SEC") respectfully move this Court for entry of the attached Second Modified Asset Freeze Order, in which the parties seek to maintain in full force and effect Sections I, II and III of the First Modified Asset Freeze Order, except as modified by a new Section IV, which permits: (i) the release of certain sums from a bank account held jointly by Lohmeier and his spouse, and (ii) the sale of the business condominium used by Defendant Enterprise Trust Company and owned in the name of Defendant Lohmeier, with the net proceeds to be held in escrow by the Receiver in this case. In support of the Motion, the parties state as follows:

1. Plaintiffs filed the instant case against Defendants on March 3, 2008.

2. Also on March 3, 2008, this Court entered an Asset Freeze Order prohibiting the use of any funds of Enterprise Trust Company ("Enterprise Trust") and Lohmeier without permission of the Court. (Docket No. 22)

3. On March 4, the Court entered its First Modified Asset Freeze Order. (Docket No. 24)

4. On March 5, 2008, this Court appointed a Receiver to manage Enterprise Trust and to account for and report on its financial condition. (Docket No. 18)

5. On March 11, 2008, the Court granted in part and denied in part a Motion to Modify Asset Freeze Order for reasons stated in open court. (Docket No. 34) However, Defendants' prior counsel did not tendered to the Court a proposed order prior to their withdrawal from the case, and thus no Order was entered memorializing the modifications to the Freeze Order.

6. Prior to the Freeze Order being entered, Lohmeier's spouse had her salary, expense reimbursements and flex account payments from her employer directly deposited into a joint bank account, TCF Bank account No. 1876450586 (the "TCF Account"). This account was frozen as a result of the March 3, 2008 Asset Freeze Order, and has a current balance of approximately $32,754. (See Exhibit A).

7. Defendant Lohmeier has represented to the SEC, as is set forth in Exhibit A, that approximately $22,600 of the $32,754 in the TCF Account are traceable to deposits by Lohmeier's spouse. Defendant Lohmeier seeks the release of this $22,600 from the TCF Account, to be broken out as follows: (i) $4,000 to be distributed to Julie Lohmeier,[1] and (ii) $18,600 to be paid directly into Belongia & Shapiro, LLP's client trust account to provide for payment of Defendant Lohmeier's legal defense. The SEC agrees to the release of this $22,600,

---

[1] On March 11, 2008, this Court allowed for the release of $4,000 from this account to be distributed to Julie Lohmeier. Defendants' former counsel never prepared an Order to be entered by this Court and to provide TCF Bank reflecting this ruling. Therefore the $4,000 was never released to Julie Lohmeier. The Court granted in part a Motion to Modify Asset Freeze Order. (Please see Exhibit B). The proposed order moots the Court's March 11 order.

based on the representations made by Lohmeier concerning the source of the deposits into the TCF Account.

8. The parties have also agreed that current Freeze Order should be modified concerning the office space owned in the name Lohmeier and rented to Enterprise Trust, known as 600 Enterprise Drive, Oak Brook, Illinois (the "Property"). As the Court is aware, Enterprise Trust is in receivership and subject to an asset freeze. Consequently, no rent is being paid on the Property. Additionally, as all of his assets are frozen, Lohmeier cannot make payments on the Note secured by the Property and held by The Leaders Bank.

9. Leaders Bank has now sent notice to Lohmeier that he is in default under the terms of the loan and mortgage for the above real property. (Please see The Leaders Bank's notice attached hereto as Exhibit C). As Enterprise has not made its lease payments to Lohmeier and Lohmeier's assets have been frozen, no payments have been made to The Leaders Bank.

10. In order to preserve the value of this asset, the parties agree that it should be sold as soon as practicable at market value.

11. The parties therefore request that the Court modify the asset freeze order in order to permit Defendant Lohmeier to sell the Property, with all net proceeds from the sale of the Property to be deposited into an escrow account under the control of the Receiver to be held there until further Order of this Court.

10. The Receiver has reviewed this motion and the proposed order and does not oppose the relief sought herein.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Lohmeier and Plaintiff request that the Court grant this motion and enter the proposed order attached to this motion.

Respectfully submitted,

**FOR PLAINTIFF:**

_____
Steven J. Levine (IL Bar No. 6226921)
Steven L. Klawans (IL Bar No. 6229593)
Allison M. Fakhoury (IL Bar No.6281486)

Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Tel:  (312) 353-7390
Fax: (312) 353-7398

**FOR DEFENDANT JOHN H. LOHMEIER:**

_____
Mark D. Belongia (IL Bar No. 6269391)

Belongia & Shapiro, LLP
53 W. Jackson Blvd., Suite 315
Chicago, IL 60604
Tel:  (312) 662-1030
Fax: (312) 662-1040