

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : |
| Plaintiff, | : |
| v. | : Civil Action No: 08 CV 1260 |
| **ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND,** | : Judge James B. Zagel |
| Defendants. | : |

## SECOND MODIFIED ASSET FREEZE ORDER

This cause coming before the Court upon motion by Defendant John H. Lohmeier ("Lohmeier") and Plaintiff United States Securities and Exchange Commission ("SEC") for an agreed Second Modified Asset Freeze Order in which the SEC seeks to maintain, in force and effect, Sections I, II and III of the First Modified Asset Freeze Order issued by this Court on March 4, 2008, except as modified by a new Section IV as reflected below. The Court has considered the SEC's Agreed First Modified Asset Freeze Order, and being fully advised in the premises, the Court hereby orders as follows:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

A.  All funds and other corporate assets of Enterprise Trust Company, all funds and other assets held in the name of Enterprise Trust Company, and all funds and

    other assets held for the benefit of Enterprise Trust Company are hereby frozen; and

B.    All funds and assets of John H. Lohmeier, held in the name of John H. Lohmeier, and held for the benefit of John H. Lohmeier are also hereby frozen.

C.    Accordingly, until the Court's adjudication of this case on its merits or otherwise ordered by the Court, Defendants Enterprise Trust Company and John H. Lohmeier, and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

(1)    transferring, selling, encumbering, receiving, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any assets or property, including, but not limited to, cash, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, owned by, controlled by, or in the possession of Enterprise Trust Company or John H. Lohmeier, including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which Enterprise Trust Company or John H. Lohmeier have signatory authority or a beneficial interest; and

  (2) transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating or otherwise disposing of, in any manner, any funds or assets, that constitute Enterprise Trust Company client funds or any accounts or property into which Enterprise Trust Company client funds were deposited or invested.

 D. Notwithstanding the foregoing, nothing herein shall restrict the authority of the Receiver as set forth in the Order Appointing Receiver Over Enterprise Trust Company entered March 5, 2008 (docket no. 14) and the minute order extending the appointment of the receiver entered March 31, 2008 (docket no. 50).

## II.

**IT IS FURTHER ORDERED THAT**, any bank, financial or brokerage institution or other person or entity holding any such funds or other assets referred to in Section I of this Order, in the name of, for the benefit of, or under the control of Enterprise Trust Company or John H. Lohmeier , or any account holding Enterprise Trust Company client funds wherever located, and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such finds or other assets.

## III.

**IT IS FURTHER ORDERED THAT** all of the provisions in Sections I and II of this Order shall remain in effect until further order of this Court, with the exception of the following modifications:

A. With respect to all securities in all accounts at US Bank in the name of Enterprise Trust Company:

   (1) US Bank shall to continue to accept all dividend payments automatically reinvested by the mutual fund companies and transfer such dividend payments to the appropriate Enterprise Trust Company account.

   (2) US Bank shall continue to invest all cash income in the Enterprise Trust Company accounts in the sweep investment vehicle known as the First American Prime Obligations Fund Class Y (CUSIP 31846V104).

B. With respect to all accounts at Dorman Trading, LLC ("Dorman Trading") in the name of Enterprise Trust Company which contain open securities or commodities positions, George Dragel, Chief Compliance Officer of Traderight Securities, Inc., who holds discretionary authority over the trading in these accounts, shall close all open positions in the accounts.

### IV.

**IT IS FURTHER ORDERED THAT:**

1. Sections I, II, and III of this order are further modified as follows:

   a. Upon presentation of this Order to TCF Bank by Lohmeier's spouse, Julie Lohmeir, TCF Bank shall release the sum of four thousand dollars ($4,000.00) from TCF Bank joint account no. 1876450586 (hereinafter "TCF Account") to Julie Lohmeier.

   b. Upon presentation of this Order to TCF Bank by Lohmeier or his counsel, TCF Bank shall transfer $18,600 from the TCF Account to Belongia & Shapiro, LLP IOLTA Account. Chase Bank, N.A. account #720481050, to be

       used for payment of Defendant Lohmeier's legal fees to his current counsel, Mark Belongia and Ben Shapiro.

    c. Apart from these two transfers, the TCF Account shall remain frozen until further Order of the Court.

2. Defendant Lohmeier is permitted to sell the property known as 600 Enterprise Drive, Oak Brook, Illinois (hereinafter "Property"), subject to approval of the terms of such sale by the Receiver, with all net proceeds from said sale of the Property deposited in an escrow account under the exclusive control of the Receiver to be held until further Order of this Court; provided however, the Receiver is authorized to pay from the net proceeds of sale: (i) all sums owed to Leaders Bank in connection with repayment of a loan dated March 23, 2008 in the principal amount of $445,333 provided that Leaders Bank releases all collateral securing said loan; and (ii) all past due amounts owed to the 600 Enterprise Condominium Association.

**SO ORDERED:**

Dated: April 24, 2008

_____
James B. Zagel
UNITED STATES DISTRICT COURT JUDGE

5