IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER, and<br>REBECCA A. TOWNSEND,<br>                  Defendants. | No. 08 CV 1260<br><br>Judge James B. Zagel |

## RECEIVER'S MOTION FOR APPROVAL AND PAYMENT OF FEES

Phillip L. Stern, as Receiver ("Receiver") for Enterprise Trust Company ("Enterprise" or the "Company"), moves this Court, pursuant to the Order Appointing Receiver Over Enterprise Trust Company dated March 5, 2008 (the "Order"), for an order approving payment of the Receiver's fees and expenses incurred for the month of April 2008, to wit, $73,832.64, as well as fees and expenses incurred by Navigant Consulting Company ("Navigant") for the month of April 2008 in the total amount of $174,234.50.

With respect to the fees and expenses incurred by the Receiver, the Order provides that "the Receiver . . . [is] entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Receiver; said amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to the approval of the Court . . . ." The Receiver's fees are provided at a discounted rate and capped at an hourly rate not to exceed $475 per hour. The Receiver's fees, excluding expenses, for the

month of April 2008, at the discounted rate, totaled $70,065.00. A copy of the Receiver's discounted bill is attached as Exhibit A.

Due to a lack of meaningful cooperation received from certain employees and or officers of Enterprise during this time period, the Receiver has needed to spend a substantial amount of time working with Navigant to resolve issues concerning contributions to, withdrawals from and the value of Enterprise client accounts. The Receiver has also spent significant time during the month of April providing information to various government agencies that are investigating Enterprise, responding to dozens of inquiries from customers or their representatives, and communicating with counsel for John Lohmeier in an attempt, albeit thus far unsuccessful, to get a better understanding of the reasons for the accounting irregularities at Enterprise. The failure of Mr. Lohmeier to provide any useful assistance to date has resulted in extra work for the Receiver and Navigant, adding to the cost of the Receivership.

During the month of April, the Receiver was able to determine that liquid assets held by Enterprise are approximately $27 million less than what is reflected on client statements. It appears that certain client statements were grossed-up to conceal trading losses and the improper use of customer assets. The Receiver has been working to identify and quantify other assets belonging to Enterprise and Mr. Lohmeier that may be available for distribution to Enterprise's clients. The Receiver has also spent time in the month of April reviewing various vendor contracts to determine what is needed to preserve assets and has discontinued the balance in order to control costs. The Receiver and legal counsel have also been engaged in, among other things, analyzing issues that are expected to arise regarding 401(k) and IRA plans handled by Enterprise; reviewing email correspondence recovered from Enterprise's computer servers to determine how certain related parties and related party transactions should be treated; reviewing

account and other information concerning related party transactions; reviewing account records in order to direct the work that is being done by Navigant; monitoring and/or liquidating the remaining positions at Interactive Brokers to reduce any additional loss to the funds that will be available for Enterprise's clients; addressing issues relating to the private equities that Enterprise held for certain of its clients; and reviewing Enterprise's customer and corporate documents.

With respect to the fees and expenses incurred by Navigant for the month of April 2008 in the total amount of $174,234.50 (Exhibit B), significant work was and will be required by Navigant through May and into June to determine each investor's fair share of the remaining assets of Enterprise. During the month of April, Navigant provided the following necessary assistance:

Navigant continued to confirm the assets contributed by each customer and commenced work on confirming distributions and withdrawals. To date, Navigant has confirmed the contributions for over half of the approximately 1,250 client accounts. This process of confirming contributions (and withdrawals) was complicated due to incomplete documentations maintained by Enterprise as well as other accounting system errors or inaccuracies. As part of this process, Navigant has been testing the account detail in the trust accounting system by reconciling transactions to related checks, wire detail and custodial statements.

Navigant has also continued the account reconciliation for the months ending December 31, 2008 and February 29, 2008 to verify whether holdings recorded in the trust accounting system were held by Enterprise custodians and that all assets held by such custodians were reflected in the trust accounting system. This work included extracting holdings from the trust accounting system, updating related pricing and summarizing customer holdings within the trust accounting system. These holdings are individually reconciled to each bank and broker

statement. This work was substantially completed during the month of April; however, there have been various reconciliation issues identified that caused additional follow up with the Receiver on how to handle certain assets. Navigant identified assets recorded in the trust accounting system that were not held by Enterprise's custodians and other assets that were not recorded into the trust accounting system.

In April, Navigant continued to provide information to the Receiver so that the Receiver could respond to questions from Enterprise clients and the SEC, including: Extracting reports from the trust accounting system for the Receiver; Assisting the Receiver in its use of the trust accounting system; Conducting specific analysis related to the trading of certain securities; Conducting analysis of all transfers/trading of various Stock Certificates; Providing information for all Related Party Accounts of John Lohmeier; and Assisting the Receiver in preparation for the interview that had been scheduled with John Lohmeier, but which did not go forward, on May 8, 2008.

Similarly, Navigant has been responding to requests from the SEC relating to (1) the analysis of security purchases made at Interactive Brokers in February 2008 and verifying if the purchases were accounted for within the trust accounting system; (2) analysis of security purchases at Options Express in February 2008; (3) analysis of stock certificates and listings of not publicly traded securities; and (4) analysis of "Pending Assets" recorded by Enterprise.

Navigant performed testing on the trust accounting system relating to the investment cost recorded when assets were transferred into Enterprise, Navigant performed these tests during the month of April and provided its findings to the Receiver.

In addition to the above tasks, Navigant has also provided assistance regarding computer evidence and other matters to insure the proper handling of Enterprise's records. At all times,

Navigant has provided the Receiver with periodic interim findings to allow the Receiver sufficient information to continue making decisions in the best interests of the Enterprise clients and to keep the accounting process on track.

By: /s/ Michael Z. Gurland
Counsel to the Receiver Phillip L. Stern

Michael Z. Gurland, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
(312) 269-8000
(312) 269-1747

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER, and<br>REBECCA A. TOWNSEND,<br>　　　　　　　　Defendants. | No. 08 CV 1260<br><br>Judge James B. Zagel |

**<u>ORDER APPROVING PAYMENT OF RECEIVER'S FEES</u>**

　　Phillip L. Stern, who upon motion of plaintiff, the United States Securities and Exchange Commission, was appointed by this Court to act as Receiver of Enterprise Trust Company, has sought an order from this Court approving payment of his fees and expenses incurred in month of April 2008, to wit, $73,832.64, as well as fees and expenses incurred by Navigant Consulting Company for the month of April 2008 in the total amount of $174,234.50.

　　IT IS HEREBY ORDERED that the Receiver's motion is GRANTED and the Receiver's and Navigant's invoices submitted to the Court for fees and expenses incurred for the month of April 2008 shall be paid in full in the total amount of, respectively.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Honorable James B. Zagel
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: _____

NGEDOCS: 1532642.1

- 6 -