IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) Case No. 08 CV 1260 |
| v. | ) ) ) |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, | ) ) ) ) |
| Defendants. | ) ) |

### JUDIANN PYLE'S MOTION TO QUASH SUBPOENA FOR DEPOSITION

Now Comes Judiann Pyle ("Pyle"), by and through her attorneys, Sullivan Hincks & Conway, and hereby moves this Honorable Court for an Order Quashing the unsigned Subpoena for Deposition issued by the attorney for the Receiver for Enterprise Trust Co. in the above-entitled matter. In support of her Motion, Pyle states as follows:

### Introduction

Prior to the time that Enterprise Trust Company ("Enterprise") went into receivership and for a short time thereafter, Pyle was a non-managerial, data-entry employee of Enterprise making approximately $40,000.00 annually. On May 10, 2008, Pyle was served with a subpoena for documents seeking the production of two years worth of personal documents including but not limited to her bank statements, statements of personal financial holdings, statements for her credit card accounts, documents relating the real estate owned by Pyle, and other personal information. See Exh. "1". Despite the fact that such documents were completely irrelevant to the pending litigation against

1

Enterprise Trust Company, two days after receiving the subpoena for documents, Pyle sent all the requested documents to the attorney for the Receiver via overnight delivery.

On June 5, 2008, Pyle was served with the subpoena for deposition attached hereto as Exh. "2". The subpoena was unsigned by the person identified as the issuing attorney and contained no tender of witness fees.

On or about June 20, 2008, Michael Z. Gurland, attorney for the Receiver, contacted the undersigned by telephone to demand Pyle's appearance at deposition. Without introduction or provocation and without any basis in law or fact, Mr. Gurland threatened to recommend that Pyle's IRA held at Enterprise Trust Company be forfeited. See Letter of June 20, 2008 from John J. Conway to Michael Z. Gurland attached hereto as Exh. "3". Mr. Gurland repeated his baseless and abusive threats on June 24, 2008, when he stated, "until Ms. Pyle's role at Enterprise is fully understood, our recommendation to the Court is that the assets she would otherwise receive pursuant to our plan of allocation remain frozen and not distributed to her." See Letter of June 24, 2008, from Michael Z. Gurland to John J. Conway attached hereto as Exh. "4".

## Argument

The service of a subpoena and a third party witness' obligations *vis a vis* the subpoena are governed by Fed. R. Civ. P. 45. Under 45(b), if the recipient's attendance is commanded, service must be accompanied by the tender of the fees and expenses for a 1-day appearance. In this matter, the Receiver's Subpoena should be quashed because the Receiver failed to tender the mandatory witness fees and mileage fees to Pyle to secure her attendance. These fees are not discretionary but are, in fact, required. The Receiver did not tender such expenses. See In re Dennis 330 F.3d 696, 704 (5th Cir. 2003)

2

(Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena); In re Hunt, 238 F.3d 1098, 1100 (9th Cir. 2001); Davis Cos. v. Emerald Casino, Inc., 2000 U.S. Dist. LEXIS 7867 (N.D. Ill. 2000)(J. Guzman).

In addition, the Receiver's subpoena must be quashed because it subjects Pyle to an undue burden. Pursuant to Fed. R. Civ. P. 45(c)(3)(iv), the Court is required to quash a subpoena where it subjects a person to an undue burden. In this matter, Pyle was neither an officer nor a manager of Enterprise Trust Company. Rather, Pyle acted solely as a data entry worker for Enterprise Trust Company making a modest salary. She has already responded to a subpoena *duces tecum* by providing a significant amount of personal documents to the Receiver. It is unreasonable to subject Pyle, a data-entry employee, to the further burden and expense of taking a full day off of work to travel to Chicago for deposition where she has already taken significant steps to produce documents.

In addition, the burden imposed upon Pyle by the Receiver's attorney's groundless threat to freeze Pyle's assets is also unreasonable. Essentially, the Receiver's attorney's threat has put Pyle in the position of either complying with an irrelevant and non-complying subpoena or risk losing access to her retirement funds that are currently being held by the Receiver. This is not reasonable.

WHEREFORE, Judiann Pyle respectfully requests this Honorable Court enter an Order Quashing the Subpoena for Deposition issued by the attorney for the Receiver for Enterprise Trust Co. in the above-entitled matter and grant Ms. Pyle her attorneys fees in

filing this Motion, or grant such other and further relief as this Honorable Court deems just and reasonable.

                    Respectfully submitted,

                    JUDIANN PYLE

                    By: /s/ Matthew P. Barrette
                        One of Her Attorneys

John J. Conway
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021