AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# United States District Court

## NORTHERN DISTRICT OF ILLINOIS

| SECURITIES AND EXCHANGE COMMISSION, | SUBPOENA IN A CIVIL CASE |
|---|---|
| v. | CASE NUMBER: 08 CV 1260 |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, | |

TO:
**JUDIANN PYLE**
21 Lily Court
Bolingbrook, Illinois  60440

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

**X** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Rider**

| PLACE: NEAL, GERBER & EISENBERG LLP<br>Two N. LaSalle Street, Suite 2200, Chicago, Illinois 60602 | DATE AND TIME<br>May 19, 2008 |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)<br>Attorney for Phillip J. Stern, Receiver for Enterprise Trust Co. | Date: May 8, 2008 |
|---|---|

Issuing Officer's Name, Address, and Phone Number
Michael Z. Gurland, Esq., NEAL, GERBER & EISENBERG LLP, Two N. LaSalle Street, Suite 2200, Chicago, Illinois 60602   (312) 269-8000

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

**Rule 45, Federal Rules of Civil Procedure, Parts C & D**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1529893.1

## SUBPOENA RIDER

**DEFINITIONS**

    A.    The term "Defendants" means the following parties, both individually and collectively: Enterprise Trust Company; John H. Lohmeier; and Rebecca A. Townsend.

    B.    The term "Lohmeier" refers to John H. Lohmeier, individually and collectively, including any attorneys or agents for John H. Lohmeier.

    C.    The term "Enterprise" refers to Enterprise Trust Company, including without limitation all corporate locations, predecessors, affiliates, successors, subsidiaries, divisions or parts thereof, including without limitations Enterprise Advisors; all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and entities acting in joint-venture or partnership relationships with Enterprise; and others acting on behalf of Enterprise.

    D.    The term "document" and "documents" are used in the broadest sense consistent with the Federal Rules of Civil Procedure and refer, without limitation to all written, printed, typed, photostatic, photographed, recorded or otherwise reproduced communications or representations of every kind and description, whether comprised of e-mail, letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, whether prepared by mechanical, electronic, magnetic, optical, photographic or other means, as well as audio or video recordings of communications, oral statements, conversations, or events. This definition includes, but is not limited to, any and all originals and non-identical copies of any and all of the following: e-mail, letters, correspondence, notes, minutes, records, messages, memoranda, telephone memoranda, diaries, contracts, agreements, reports, forecasts, compilations, schedules, studies, summaries, analyses, pamphlets, brochures, advertisements, newspaper clippings, tables, tabulations, working papers, tallies, maps, drawings, diagrams, sketches, charts labels,

photographs, pictures, film, microfilm, computer printouts, telegrams, telexes, telefacsimiles, tapes, transcripts, recordings, and videos. Any preliminary versions, drafts, or revisions of any of the foregoing; any document which has or contains any attachment, enclosure, comment, notation, addition, insertion, or marking of any kind which is not a part of another document; or any document not containing a comment, notation, addition, insertion, or marking of any kind that is part of another document, is to be considered a separate document.

\*       \*       \*

### INSTRUCTIONS

A.  This Subpoena requires you to produce all documents identified below that are within your possession, custody or control, or otherwise available to you.

B.  All documents that respond, in whole or in part, to any portion of this Subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

C.  All documents shall be produced in the order and in the manner that they are kept in the usual course of business or shall be organized and labeled to correspond with the categories of this Subpoena. Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the document.

D.  If any document requested has existed, but has been lost, destroyed or is no longer within your possession, custody or control, identify those documents and describe the document, its author(s), the recipients(s) or addressee(s), the subject matter and content. Further, if the document has been destroyed, state with particularity the date and circumstances surrounding the

reasons for its destruction, state with particularity the date and circumstances surrounding the reasons for its destruction, and identify the last known custodian of the document and each person who has knowledge of the loss or destruction of any such document.

E.  With respect to any documents otherwise responsive to this Subpoena that you withhold or refuse to divulge on a claim of privilege or work product: (a) state the nature of the claim of privilege and the holder of the privilege; (b) state all facts relied upon in support of the privilege; (c) furnish a description of all documents withheld pursuant to the claim of privilege (i.e., its title and general subject matter, date, author and person(s) for whom it was prepared, to whom it was sent or who otherwise received or saw the document or were aware of the substance of its contents); (d) identify all persons having knowledge of any facts relating to the claim of privilege. If the claim of privilege applies to only a portion of the document, produce all portions of the document to which the claim does not apply.

F.  If subsequent to the date you produce documents responsive to this Subpoena you discover or receive documents that are responsive to the requests herein, promptly produce all such additional documents to the full extent required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Illinois.

G.  Each document is to be produced along with all drafts, without abbreviation or redaction.

H.  Each request below seeks documents and information for the period spanning the date of the Bank's inception to the present.

**DOCUMENTS TO BE PRODUCED**

1. Any and all documents referring or relating to the purchase or receipt by you, or the transfer to you, of any securities or assets from Enterprise Trust Company or either of the Defendants since January 1, 2006.

2. Any and all documents referring or relating to any securities, holdings or interest (financial or otherwise) you have, or had in any banks at any time.

3. Any and all documents referring or relating to any interest you have or had in any real estate since January 1, 2006.

4. With respect to the materials requested in paragraphs 2 and 3, above, please provide any and all documents describing the source of funds used to pay for such securities, holdings, or interests.

5. Any and all documents detailing any transfers of any money or property, with a value in excess of $5,000, from Enterprise Trust Company or either of the Defendants to you since January 1, 2006.

6. Any and all bank statements, brokerage account statements, or other documents relating to same, with respect to any accounts held by you, in your name, or for your benefit since January 1, 2006.

7. A list of all bank, brokerage and credit card accounts, including account numbers, in which you have or had any interest, jointly or individually, since January 1, 2006.

NGEDOCS: 1525381.1