Law Offices Of

# SULLIVAN HINCKS & CONWAY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS
120 WEST 22nd STREET, SUITE 100
OAK BROOK, ILLINOIS 60523

DANIEL C. SULLIVAN
PATRICK M. HINCKS
JOHN J. CONWAY
JOHN P. CALLAHAN, JR.
DESMOND P. CURRAN
MATTHEW P. BARRETTE
RYAN A. MAHONEY
ANTONIO J. FRICANO

TEL (630) 573-5021
FAX (630) 573-5130
www.shlawfirm.com

Via e-mail and U.S. Mail
June 20, 2008

Michael Z. Gurland
Neal, Gerber & Eisenberg
2 North LaSalle
Suite 2200
Chicago, IL 60602

Re:   S.E.C. v. Enterprise Trust Company, et al
      08 C 1260

Dear Mr. Gurland:

As I advised you during our telephone conversation, I have been retained to represent Judiann Pyle with respect to your subpoena for deposition scheduling the deposition for June 24, 2008. I advised you that I would be unable to attend on that date due to a prior engagement and it was agreed that the deposition would be re-scheduled to July 14, 2008. During our conversation you made some assertions about Ms. Pyle that must be addressed as they are inaccurate.

You claimed that Ms. Pyle has not cooperated with you. That statement is not accurate. In fact, on March 6, 2008, Ms. Pyle assisted you and the other receiver representative in obtaining account information from the SunGard accounting system. She assisted you in downloading all the Enterprise account holdings and e-mailed all those files to you and saved them on your jump drive. In addition, she fully cooperated in responding to your prior subpoena. You served a subpoena upon Ms. Pyle calling for the production of documents to be tendered on or before May 19, 2008. This date was prior to my retention. Your subpoena for documents was clearly overly broad and demanded the production of documents that are not relevant to the pending litigation against Enterprise Trust Company. Nevertheless, and without the advice of counsel, Ms. Pyle provided you with documents responsive to the irrelevant requests. Ms. Pyle has at all times cooperated with your efforts even though her involvement with Enterprise was as a non-managerial, data entry person making a little over $40,000 annually. She in no possible way had the ability or opportunity to participate in any type of conduct you are investigating. The threat to recommend that her IRA be forfeited is not well grounded in fact or in law.

## SULLIVAN HINCKS & CONWAY

    With regard to your assertion that Ms. Pyle was paid current and still refused to come in to work, that assertion is also inaccurate. In fact, Ms. Pyle is still owed substantial sums for wages earned and unpaid. On May 10, 2008 Ms. Pyle was advised that Enterprise was in full receivership and the company was closing. She was told that past due wages could not be guaranteed as forthcoming. Based on that information and without any agreement about continued employment, Ms. Pyle's employment was effectively involuntarily terminated. During our conversation you referred to paragraph D of page 5 of the Order Appointing Receiver Over Enterprise Trust Company. This paragraph requires Enterprise employees to cooperate. As demonstrated above, Ms. Pyle is not an Enterprise employee. Ms. Pyle remains willing to cooperate despite the severe economic hardship on her that your subpoena has result in and the adverse impact it will have on her current employment. I ask you to reconsider your desire to depose Ms. Pyle as her knowledge about the operations of Enterprise is quite limited.

    If you have any questions, please call me.

    Very truly yours,
Sullivan Hincks & Conway

By: _John J. Conway_

JJC/jc