**NEAL ▪ GERBER ▪ EISENBERG**

Michael Z. Gurland
Attorney at Law

Tel 312.269.8440
Fax 312.269.1747
mgurland@ngelaw.com

June 24, 2008

**BY EMAIL AND REGULAR MAIL**

John J. Conway, Esq.
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523

Re:  *United States Securities and Exchange Commission v. Enterprise Trust Company, et. al.*, 08 C 1260

Dear Mr. Conway:

I am in receipt of your June 20 letter in which you claim that Ms. Pyle has been cooperative and insinuate that I have made a false statement regarding Ms. Pyle.

So it is clear, please note that, at this time, it is the position of the Receiver that Ms. Pyle has failed to satisfy her obligations under Court's March 5, 2008 Order requiring the principals, employees and attorneys of Enterprise Trust Company ("Enterprise" or the "Company") to cooperate with and assist the Receiver in continuing the Company's operations and in securing and accounting for all of the Company's assets and investors' funds. After the so-called cooperation purportedly provided by Ms. Pyle on March 6, which you describe in your letter, Ms. Pyle failed to return to Enterprise. I, on behalf of the Receiver, then placed phone calls to Ms. Pyle to obtain her cooperation regarding the accounting system at Enterprise. Those calls were unreturned. Because of Ms. Pyle's decision not to return my calls, I contacted Rebecca Townsend and asked her to ask Ms. Pyle to please return my calls and also inquired if Ms. Pyle would return to Enterprise to assist the Receiver. I was informed that Ms. Pyle was waiting to see if she was going to be paid. Although not a condition precedent to cooperation, I told Ms. Townsend, as I could not get an audience with Ms. Pyle, that the Receiver would include Ms. Pyle in the next payroll, which we did with the expectation that our calls to Ms. Pyle would be returned. Ms. Pyle got her money. As you are not doubt aware from conversations with your client, however, she neither returned to work nor returned our calls.

On or about April 21, 2008, a subpoena was mailed to Ms. Pyle's home address. The mailing was not accepted and sat at her post-office "unclaimed" until it was eventually returned unopened to the Receiver. Consequently, the Receiver had to incur the expense of a process server to insure receipt of the subpoena by Ms. Pyle.

Your claim, even if true, that Ms. Pyle was not under an obligation to cooperate after May 10, 2008 does not excuse her failure to return the Receiver's calls or answer the Receiver's questions prior to May 10.

NEAL, GERBER & EISENBERG LLP

John J. Conway, Esq.
June 24, 2008
Page 2

      As to the deposition, the Receiver does not intend to reconsider its position as we believe Ms. Pyle has critical information. Additionally, until Ms. Pyle's role at Enterprise is fully understood, our recommendation to the Court is that the assets she would otherwise receive pursuant to the plan of allocation remain frozen and not distributed to her. If Ms. Pyle refuses to testify or if it turns out that she provided material assistance to Enterprise that resulted in client losses, we will recommend that any assets that would otherwise be distributed to her be allocated to Enterprise clients.

Sincerely,

Michael Z. Gurland

MZG

cc:    Phillip Stern, Esq.
        Christopher M. Burky, Esq.

NGEDOCS: 1541992.1