IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Case No. 08 CV 1260 |
| v. ) ) | Judge James B. Zagel |
| ENTERPRISE TRUST COMPANY, ) JOHN H. LOHMEIER, and ) REBECCA A. TOWNSEND, ) ) | Magistrate Judge Nolan |
| Defendants. ) | |

### JUDIANN PYLE'S FED. R. CIV. P. 24(a) PETITION TO INTERVENE AS OF RIGHT

Now Comes Judiann Pyle ("Pyle"), by and through her attorneys, Sullivan Hincks & Conway, and hereby petitions this Honorable Court to Intervene in the above-entitled matter. In support of her Motion, Pyle states as follows:

### Introduction

Prior to the time that Enterprise Trust Company ("Enterprise") went into receivership and for a short time thereafter, Pyle was a non-managerial, data-entry employee of Enterprise making approximately $40,000.00 annually. While acting as an employee for Enterprise, Pyle set up and maintained an IRA account containing money Pyle set aside for her retirement.

On May 10, 2008, although not a party to this lawsuit, Pyle was served with a subpoena for documents seeking the production of two years worth of personal documents including but not limited to her bank statements, statements of personal financial holdings, statements for her credit card accounts, documents relating the real

1

estate owned by Pyle, and other personal information. Despite the fact that such documents were completely irrelevant to the pending litigation, Pyle sent all the requested documents to the attorney for the Receiver via overnight delivery.

On June 5, 2008, Pyle was served with the subpoena for deposition. That subpoena is subject to a motion to quash filed concurrent with this motion. On or about June 20, 2008, Michael Z. Gurland, attorney for the Receiver, contacted the undersigned by telephone to demand Pyle's appearance at the deposition. Without introduction or provocation and without any basis in law or fact, Mr. Gurland threatened to freeze Pyle's life savings currently being held at Enterprise. See Letter of June 20, 2008 from John J. Conway to Michael Z. Gurland attached hereto as Exh. "1". Mr. Gurland repeated his baseless and abusive threats on June 24, 2008, when he stated, "until Ms. Pyle's role at Enterprise is fully understood, our recommendation to the Court is that the assets she would otherwise receive pursuant to our plan of allocation remain frozen and not distributed to her." See Letter of June 24, 2008, from Michael Z. Gurland to John J. Conway attached hereto as Exh. "2".

### Argument

Federal Rule of Civil Procedure 24 permits, upon timely motion and as a matter of right, any person to intervene who claims an interest related to the property that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. In other words, to have a right to intervene, Pyle must (1) make timely application, (2) have an interest relating to the subject matter of the action, (3) be at risk that that interest will be impaired, as a practical matter, by the

action's disposition and (4) lack adequate representation of the interest by the existing parties. Nissei Sangyo Am. v. United States, 31 F.3d 435, 438 (7th Cir. 1994).

In this matter, Pyle satisfies each of these requirements. First, this Petition is clearly timely. The timeliness requirement, rather than imposing a precise time limit, essentially means that an intervenor must "act with dispatch," Atlantic Mutual Ins. Co. v. Northwest Airlines, Inc., 24 F.3d 958 at 961 (7th Cir. 1994). Potential intervenors need only be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly. Nissei Sangyo Am., 31 F.3d at 439. A delay of three months between discovering the threat to property and petitioning to intervene is not an unreasonable delay. Nissei Sangyo Am., 31 F.3d at 439.

In this matter, Pyle did not discover until June 20, 2008, and confirmed four days later on June 24, 2008, that her life savings currently on deposit with Enterprise were being impaired and are at risk of being lost as a result of the actions of the attorney representing the Receiver. This Petition to Intervene is filed less than one month after discovering the threat.

Second, Pyle clearly has an interest in property that is the subject matter of the litigation. Pyle's life savings are currently on deposit with Enterprise. The Receiver and his attorney that made the threat to Pyle have control over Pyle's property and over all of the funds being held by Enterprise.

Third, there is a substantial risk that Pyle's interest in her life savings will be impaired, as a practical matter, by the disposition of the property by the Receiver and his attorney. The Receiver's attorney admitted as much when he threatened to freeze her

3

account and not distribute her assets to her without any factual or legal basis to support such an act.

Finally, Pyle has no person representing her interests currently in the litigation. One would hope that the Receiver would protect the assets on deposit with Enterprise for the benefit of the creditors of Enterprise such as Pyle. However, based upon the Receiver's attorney's letter, Pyle's interests as a creditor are clearly not being represented by the Receiver.

WHEREFORE, Pyle respectfully requests this Honorable Court enter an Order granting Pyle's Petition to Intervene as of Right and Permit Pyle to file the proposed pleading attached hereto or grant Pyle such other and further relief as this Court deems just and reasonable.

Respectfully submitted,

JUDIANN PYLE

By: /s/Matthew P. Barrette
One of Her Attorneys

John J. Conway
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021