IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND,<br><br>  Defendants.<br><hr>JUDIANN PYLE,<br><br>  Intervenor/Plaintiff<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION, and ENTERPRISE TRUST COMPANY,<br><br>  Counter-Defendants. | Case No. 08 CV 1260<br><br>Judge James B. Zagel<br><br>Magistrate Judge Nolan |

### JUDIANN PYLE'S INTERVENING COUTNERCLAIM

Now Comes Judiann Pyle ("Pyle"), by and through her attorneys, Sullivan Hincks & Conway, and for her Intervening Counterclaim against Securities and Exchange Commission ("SEC") and Enterprise Trust Company ("Enterprise"), states as follows:

### PARTIES AND JURISDICTION

1. Intervening Plaintiff Pyle is an individual residing in the State of Illinois at all times relevant to this Intervening Counterclaim and has placed several thousands of dollars on deposit with Enterprise for the purpose of maintaining a retirement account.

1

2. Counter-Defendant SEC is an Agency of the Government of the United States of America that filed a Complaint against Enterprise, John H. Lohmeier, and Rebecca A. Townsend alleging that these three Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j and Rule 10b-5, 17 C.F.R. § 240.10b-5 and the SEC sought and obtained the appointment of a Receiver of the assets of Enterprise.

3. Enterprise is chartered as a trust company in the State of Nevada, with an office located in Oak Brook, Illinois, and Enterprise has been placed in receivership and a Receiver has been appointed to manage the assets of Enterprise.

4. This Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) as the claims involved in this Complaint are so related to claims in the present action that they form part of the same case or controversy under Article III of the United States Constitution.

**FACTS COMMON TO ALL COUNTS**

5. Prior to the time that Enterprise went into receivership and for a short time thereafter, Pyle was a non-managerial, data-entry employee of Enterprise making approximately $40,000.00 annually.

6. While acting as an employee for Enterprise, Pyle set up and maintained a personal IRA account containing tens of thousands of dollars Pyle set aside for her retirement.

7. On May 10, 2008, although not a party to the underlying lawsuit, Pyle was served with a subpoena for documents seeking the production of two years worth of personal documents including but not limited to her bank statements, statements of

personal financial holdings, statements for her credit card accounts, documents relating the real estate owned by Pyle, and other personal information.

8. On May 12, 2008, Pyle responded to the subpoena for documents in full and sent all the requested documents to the attorney for the Receiver via overnight delivery.

9. On June 5, 2008, Pyle was served with the subpoena for deposition.

10. On or about June 20, 2008, Michael Z. Gurland, attorney for the Receiver, contacted Pyle's attorney by telephone to demand Pyle's appearance at a deposition.

11. During the telephone call on June 20, 2008, the Receiver's attorney threatened to freeze Pyle's life savings currently being held at Enterprise.

12. On June 24, 2008, Mr. Gurland repeated his baseless and abusive threats on June 24, 2008, when he stated, "until Ms. Pyle's role at Enterprise is fully understood, our recommendation to the Court is that the assets she would otherwise receive pursuant to our plan of allocation remain frozen and not distributed to her."

## COUNT I
## DECLARATORY JUDGMENT

13. Pyle restates and realleges paragraphs 1 – 12 as if fully set forth in this Count I.

14. An actual controversy exists affecting the parties' adverse legal interests in the account maintained by Pyle at Enterprise with sufficient immediacy as to justify relief.

15. The actual controversy between the parties is ripe for adjudication in that the Receiver has, without justification, threatened to freeze and has actually frozen Pyle's access to her personal retirement funds maintained at Enterprise

3

16. Pyle has the right to obtain access to her funds maintained at Enterprise.

17. Entry of declaratory judgment in favor of Pyle will resolve the controversy between Pyle, on the one hand, and the SEC and Receiver for Enterprise, on the other hand, by granting Pyle access to her personal retirement funds currently being frozen by the Receiver.

WHEREFORE, the Plaintiff, Judiann Pyle, respectfully requests this Honorable Court enter Declaratory Judgment in favor of Judiann Pyle and against the SEC and Enterprise, finding (1) that Judiann Pyle has an immediate and unimpeded right to access and withdraw funds currently being held at Enterprise, and (2) that the Receiver has no right to withhold, freeze or otherwise impede Judiann Pyle's access to said funds, and granting Plaintiff her attorneys fees in having to pursue this claim, or granting such other and further relief as this Honorable Court deems just and reasonable.

## COUNT II
## CONVERSION

18. Pyle restates and realleges paragraphs 1 – 12 as if fully set forth in this Count II.

19. On or about June 20, 2008, Counter-Defendants, by and through their representative, wrongfully and without authorization assumed control, dominion and ownership over the personal retirement funds held by Pyle at Enterprise for the bad faith purpose of forcing Pyle to endure undue hardship by giving testimony at oral deposition.

20. On or about June 20, 2008, and again on June 24, 2008, the attorney for the Receiver of Enterprise threatened to freeze the funds held by Ms. Pyle at Enterprise and recommend that such funds not be distributed to Pyle despite lacking the legal authority to make such threats.

21. Pyle has an absolute, immediate and unconditional right to the possession of her personal retirement funds being held at Enterprise.

22. Pyle has made a demand for the return of her property, which demand has been refused by the Receiver.

23. As a result of Counter-Defendants' actions, Pyle has been damaged.

WHEREFORE, Judiann Pyle respectfully requests this Honorable Court enter Judgment for Plaintiff and against SEC and Enterprise, and order the SEC and Enterprise, through the Receiver, to deliver possession of the personal funds currently maintained by Pyle at Enterprise, compensatory damages arising as a result of SEC and the Receiver's actions, her attorneys' fees, her costs in this action, or such other and further relief as this Honorable Court deems just and reasonable.

Respectfully submitted,

JUDIANN PYLE

By: /s/ Matthew P. Barrette
One of Her Attorneys

John J. Conway
Matthew P. Barrette
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, Illinois 60523
(630) 573-5021