IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | No. 08 CV 1260 |
| v. | Judge James B. Zagel |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A.TOWNSEND, Defendants. | |

## RECEIVER'S MOTION FOR APPROVAL AND PAYMENT OF FEES

Phillip L. Stern, as Receiver ("Receiver") for Enterprise Trust Company ("Enterprise" or the "Company"), moves this Court, pursuant to the Order Appointing Receiver Over Enterprise Trust Company dated March 5, 2008 (the "Order"), for an order approving payment of the Receiver's fees and expenses incurred for the month of June 2008, to wit, $139,391.49, as well as fees and expenses incurred by Navigant Consulting Company ("Navigant") for the month of June 2008 in the total amount of $298,975.80.

With respect to the fees and expenses incurred by the Receiver, the Order provides that "the Receiver . . . [is] entitled to reasonable compensation from the assets now held by or in the possession or control of or which may be received by Receiver; said amounts of compensation shall be commensurate with their duties and obligations under the circumstances, subject to the approval of the Court . . . ." The Receiver's fees are provided at a discounted rate and capped at an hourly rate not to exceed $475 per hour. The Receiver's fees, excluding expenses, for the month of May 2008, at the discounted rate, totaled $123,902.00. A copy of the Receiver's discounted bill for services rendered in June 2008 is attached as Exhibit A.

During June, the Receiver spent a substantial amount of time working with Navigant to complete the analysis of all contributions to and withdrawals from each of the accounts maintained by Enterprise for the benefit of its clients, with specific emphasis on obtaining correct valuations and prices for the securities that were held at Enterprise. Much of June was also devoted to drafting a plan of allocation (the "Plan") to present to the Court for preliminary approval. The Plan was recently completed and provided to the Court.

The Receiver also continued to spend considerable time during the month of June communicating with various government agencies that are investigating Enterprise, as well as responding to inquiries from customers or their representatives. Significant time was also spent analyzing the accounts at Enterprise in order to classify account holders as either custodial or managed for allocation purposes, and to determine how accounts held at Enterprise, but managed by brokers not employed by Enterprise, should be handled.

Additionally, during the month of June, the Receivership focused on the reduction of any debts potentially owed by Enterprise and the collection of assets from third parties, including the resolution of any related disputes. The Receiver has also been investigating potential actions against third parties that may be responsible, in part, for the shortfall in assets.

The increase in fees and expenses incurred by Navigant in June 2008 were a result of the need to complete the accounting process within the requested timeframe, so that a distribution could be made as soon as possible to the investors. Navigant discounted its bill by approximately 15% in consideration of the investors' losses, and the available remaining assets. With respect to the fees and expenses incurred by Navigant for the month of June 2008, for which reimbursement is being sought, the total amount of the discounted bill is $298,975.80 (Exhibit B). In this regard, significant work was required to complete the analysis of all

- 2 -

contributions and withdrawals made by the investors. Navigant continued its review and verification of customer contributions and withdrawals recorded in Enterprise's trust accounting system, including correcting errors in Enterprise's books and records. Navigant then prepared preliminary schedules detailing total contributions and withdrawals by customer for purposes of devising a plan for distribution and fair allocation of assets.

Navigant's analysis revealed and enabled corrections of book keeping entries regarding assets that were recorded within Enterprise's accounting system but never received or held by Enterprise, as well as assets physically held by Enterprise that were never recorded within the accounting system. In order to properly quantify client allocation percentages based upon contributions and withdrawals, a full reconciliation of the improperly recorded assets was necessary, which included reviewing asset transfer documentation from Enterprise's custodians to verify ownership of the assets.

While verifying contributions and withdrawals recorded in the accounting system, Navigant identified an instance in early 2006 where an asset was received but not attributed to a client account. The asset was eventually sold for the benefit of Enterprise. As a consequence, under direction from the Receiver, Navigant increased its review by aggregately reconciling each security that was contributed or withdrawn for the first quarter of 2006 to reasonably ensure assets received or withdrawn were recorded for the benefit of the appropriate Enterprise customer. Navigant identified several asset contributions that were not attributed to a client.

Navigant also assisted the Receiver with respect to a list of approximately 3,700 securities for which pricing data was needed in order to finish valuations for client contributions and withdrawals. Navigant reconciled the prices to Enterprise's accounting system, and conducted additional research, where necessary, to insure appropriate pricing for purposes of

- 3 -

valuing customer contributions and withdrawals. In instances where fair market prices were not obtainable (e.g. thinly traded fixed income securities), Navigant worked on obtaining additional pricing sources.

Navigant also conducted and provided to the Receiver analysis for the purpose of categorizing accounts as either actively managed by John Lohmeier, managed by David Steckler, managed by David Disraeli, or not managed (custodial accounts). The analyses included providing the following detail or information relating to the accounts at Enterprise: (1) identifying the first and last transaction dates in the trust accounting system; (2) identifying former Hinsbrook Bank customers; (3) identifying former AFC customers; (4) listing former Disraeli customers; (5) listing of former Steckler customers; (6) listing former employees; (7) listing parties related to former employees; (8) listing parties related to John Lohmeier; (9) listing parties related to Rebecca Townsend; (10) providing details for real estate holdings; (11) providing details for private equity holdings; (12) analyzing and identifying accounts with short positions in securities; (13) analyzing and identifying customer accounts in which futures were traded; (14) analyzing and identifying customer accounts in which options were traded; (15) listing actively managed accounts; (16) providing details relating to the 401(K) accounts; and (17) conducting preliminary analyses distinguishing actively managed accounts from custodial accounts.

Navigant also assisted the Receiver in quantifying and analyzing withdrawals from Rebecca Townsend's account that appeared to be related to the construction of her home, assisting in the preparation of the "Receiver's Report and Request for Preliminary Approval of a Plan of Allocation," analyzing and providing information related to the potential involvement of certain Enterprise employees in the underlying conduct that gave rise to the complaint brought

- 4 -

by the United States Securities and Exchange Commission, preparing schedules for certain

customer accounts, and providing feedback regarding the proposed distribution methodology.


By: /s/ Michael Z. Gurland
Counsel to the Receiver Phillip L. Stern


Michael Z. Gurland, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
(312) 269-8000
(312) 269-1747

- 5 -

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

       v.

ENTERPRISE TRUST COMPANY,
JOHN H. LOHMEIER, and
REBECCA A.TOWNSEND,
               Defendants.

No.  08 CV 1260

Judge James B. Zagel

## ORDER APPROVING PAYMENT OF RECEIVER'S FEES

Phillip L. Stern, who upon motion of plaintiff, the United States Securities and Exchange Commission, was appointed by this Court to act as Receiver of Enterprise Trust Company, has sought an order from this Court approving payment of his fees and expenses incurred in month of June 2008, to wit, $139,391.49, as well as fees and expenses incurred by Navigant Consulting Company for the month of June 2008 in the total amount of $298,975.80.

IT IS HEREBY ORDERED that the Receiver's motion is GRANTED and the Receiver's and Navigant's invoices submitted to the Court for fees and expenses incurred for the month of June 2008 shall be paid in full in the total amount of, $139,391.49 and $298,975.80, respectively.

                                  _____
                                  Honorable James B. Zagel
                                  United States District Judge

Dated: _____

NGEDOCS: 1548606.1