IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
SEP 03 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) ) ) | |
| Plaintiff, | ) ) | No.   08 CV 1260 |
| vs. | ) ) | Judge James B. Zagel |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, | ) ) ) ) | OBJECTION TO RECEIVER'S PROPOSED PLAN FOR THE ALLOCATION OF ASSETS |
| Defendants. | ) | |

### NOTICE OF FILING

I, Peter M. DeLongis, an attorney, certify that the foregoing **Objections to Receiver's Proposed Plan for the Allocation of the Assets of Enterprise Trust Company** was filed with the Clerk of the Court via regular U.S. Mail on this 22nd day of August 2008.

_____
Peter M. DeLongis
One of the Attorneys for Julie Lohmeier

Aldo Botti & DeLongis, Ltd.
1550 Spring Rd., Third Floor
Oak Brook, IL  60523
630-573-8585
Atty. No. 00260495

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP 03 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) ) ) Plaintiff, ) ) vs. ) ) ENTERPRISE TRUST COMPANY, ) JOHN H. LOHMEIER, and ) REBECCA A. TOWNSEND, ) ) Defendants. ) | No. 08 CV 1260<br><br>Judge James B. Zagel<br><br>OBJECTION TO RECEIVER'S PROPOSED PLAN FOR THE ALLOCATION OF ASSETS |

## OBJECTIONS TO RECEIVER'S PROPOSED PLAN FOR THE ALLOCATION OF THE ASSETS OF ENTERPRISE TRUST COMPANY

NOW COMES JULIE LOHMEIER, by and through her attorneys ALDO BOTTI & DE LONGIS, LTD., and for her Objections to Receiver's Proposed Plan for the Allocation of the Assets of Enterprise Trust Company, states as follows:

1. That on July 21, 2008, Phillip L. Stern, as Receiver for Enterprise Trust Company ("Enterprise" or the "Company"), filed his proposed Plan for the Allocation of the Assets of Enterprise Trust Company (the "Plan" or the "Allocation Plan") (true and accurate copy of the Allocation Plan attached hereto as Ex. 1).

2. That at all times relevant herein, JULIE LOHMEIER was the wife of Defendant, JOHN H. LOHMEIER. JULIE LOHMEIER further alleges and states that she has standing to raise the following objections to said proposed Allocation Plan.

a).  **Julie Lohmeier objects to the extent the proposed Allocation Plan fails to distribute assets held in joint tenancy with John H. Lohmeier.**

3. The Allocation Plan provides, in pertinent part, that the assets belonging to JOHN H. LOHMEIER are not being distributed at this time, and that the Receiver intends to seek a court order authorizing the distribution of these assets to Enterprise clients, as follows:

> "3. Under the proposed Allocation Plan, assets belonging to Mr. Lohmeier, Ms. Townsend, Judiann Pyle (Assistant Vice President, Chief Systems Officer and Head of Operations), and Ruthe Gomez, the owner of AFC are not being distributed at this time. With respect to Mr. Lohmeier and Ms. Townsend, the Receiver intends to seek a court order authorizing the distribution of these assets to Enterprise clients. With respect to Ms. Pyle and Ms. Gomez, the Receiver is still assessing whether they have responsibility for the losses suffered by Enterprise clients."

4. That at all pertinent times, Defendant, JOHN H. LOHMEIER, and JULIE LOHMEIER, were joint tenants of a certain asset management account (the "Asset Management Account"), with Enterprise Trust Company, 600 Enterprise Drive, Oak Brook, Illinois 60523 held under account no. 95012.

5. The Asset Management Account was initially opened on or about January 9, 2006, and subsequently funded with funds transferred from a prior account held in joint tenancy between JOHN H. LOHMEIER and JULIE LOHMEIER. (Attached hereto as Ex. 2 is a true and accurate copy of the Enterprise Trust Company Investment Agency Agreement, dated January 9, 2006).

6. That upon information and belief, a portion of funds from the above-referenced Asset Management Account has since been transferred and is currently being held in an account at Leaders Bank, 2001 York Road, Suite 150, Oak Brook, Illinois 60523 under account no. 4001008566 under the name of "Enterprise Trust Receivership John Lohmeier Fund Account". Based upon information and belief, the balance of said account is approximately $796,856.00.

2

(True and accurate copy of Leader's Bank Account Statement for period of March 12, 2008, through March 31, 2008, attached hereto as Ex. 3).

7. That upon information and belief, the remainder of funds from the Asset Management Account have been frozen and/or transferred out of the Asset Management Account and are being held in accounts in various unknown financial institutions. Upon information and belief, these accounts have a total current value of approximately $489,000.00.

8. That as joint tenant of the above Asset Management Account, JULIE LOHMEIER submits that she has standing to raise any/all objections to the Receiver's Allocation Plan as it relates to any funds initiating from the Asset Management Account, including any funds which have been transferred from said account since January 9, 2006, and held elsewhere.

9. To the extent the Receiver considers these Asset Management Account funds to be assets of JOHN H. LOHMEIER, thereby intending not to distribute said funds in accordance with Paragraph 3 of the proposed Allocation Plan referenced above, JULIE LOHMEIER specifically objects. In this regard, as joint tenant of the Asset Management Account, JULIE LOHMEIER submits that she is entitled to receive no less a than 50% distribution of all funds from said account[1].

10. That JULIE LOHMEIER further objects to the proposed Allocation Plan to the extent that the Receiver intends to seek a court order authorizing the distribution of assets belonging to JOHN H. LOHMEIER, including funds from the above Asset Management Account, to Enterprise clients.

---

[1] Alternatively, JULIE LOHMEIER submits that given the fact that she has consistently provided approximately 63% of the Lohmeier family income during pertinent times, she is entitled to receive no less than a 63% distribution of said funds.

3

11. In summary, JULIE LOHMEIER objects to the proposed Allocation Plan to the extent she is to receive a distribution of any amount less than 50% of all funds from the above described Asset Management Account.

b. **Julie Lohmeier objects to the proposed Allocation Plan to the extent that it limits distribution to 25% of net contributions.**

12. That the proposed Allocation Plan further dictates, in pertinent part, that a determination was made by the Receiver not to distribute remaining assets at Enterprise on a strictly *pro rata* basis, but instead to allocate each participating client account into one of several tiers. (Ex. 1 at p. 23).

13. That specifically, the proposed Allocation Plan provides that 1) all Enterprise custodial accounts should receive, subject to market conditions, 65% percent of their net contribution. The proposed Allocation Plan goes on to separate Enterprise managed clients' accounts into various categories as follows: 1) accounts actively managed by JOHN H. LOHMEIER that were engaged in speculative trading are being allocated 25% of net contributions, 2) accounts actively managed by JOHN H. LOHMEIER that either did not engage in speculative short selling or were opened in 2008, are being allocated 55% of net contributions, subject to market conditions, and 3) accounts managed by David Steckler of LPL Financial ("Steckler accounts") and accounts managed by David Disraeli ("Disraeli accounts") are being allocated 55% of net contributions. (Ex. 1 at pp. 23-24).

14. That at all pertinent times JULIE LOHMEIER and her minor children, Julie Lohmeier, Jenny Lohmeier, John "Michael" Lohmeier, and Jason Lohmeier, are the owners of certain accounts, including certain IRA accounts, which were opened prior to January 1, 2008, and which, according to the categories described in the proposed Allocation Plan, would receive an allocation limited to 25% of net contributions. Those accounts include the following:

4

|        | Account Name          | Account No.  | Total Net Contributions |
|--------|-----------------------|--------------|-------------------------|
| i).    | Julie Lohmeier        | IRA #006115  | $43,694.14              |
| ii).   | Jenny Lohmeier        | #006128      | $53,576.38              |
| iii).  | Jenny Lohmeier        | IRA #006123  | $11,865.84              |
| iv).   | John "Michael" Lohmeier | #006129    | $47,437.30              |
| v).    | John "Michael" Lohmeier | IRA #006124 | $12,466.23             |
| vi).   | Jason Lohmeier        | #006114      | $45,493.27              |
| vii).  | Jason Lohmeier        | IRA #006125  | $12,454.64              |

(attached hereto as group Ex. 4 are schedules received from Receiver reflecting net contributions for each of the above accounts).

15. That JULIE LOHMEIER, individually and on behalf of her minor children referenced above, objects to the proposed Allocation Plan relative to any/all accounts in which she and her children have ownership interest to the extent that it limits allocation to 25% of net contributions. Further, JULIE LOHMEIER objects to the proposed Allocation Plan relative to the decision not to distribute remaining assets as Enterprise on a *pro rata* basis, to the extent it would result in an unjust and disproportionately low distribution of funds to her and her children from any/all accounts in which they have an interest.

16. Further, to the extent the Receiver considers the above-referenced Asset Management Account to fall within the above-described category no. 1, JULIE LOHMEIER would object to the Plan to the extent that it would limit distribution of said funds to 25% of net contributions.

17. Further, JULIE LOHMEIER affirmatively alleges that based upon the results of the Receiver's analysis as set forth in the proposed Allocation Plan (Ex. 1 at p. 21), she is entitled to receive an allocation relative to said accounts, including her portion of the Asset Management Account, of a percentage of net contributions significantly higher than the proposed 25%.

5

18.  Further, JULIE LOHMEIER reserves her right to raise any and all further objections regarding the Receiver's proposed Allocation Plan upon the Receiver filing any/all motions supporting his proposal.

WHEREFORE, JULIE LOHMEIER, respectfully objects to the Receiver, Phillip L. Stern's proposed Plan for the Allocation of the Assets of Enterprise Trust Company for the reasons stated above.

By: _____
Aldo E. Botti, Attorney for Julie Lohmeier

Aldo E. Botti
ALDO BOTTI & DE LONGIS, LTD.
1550 Spring Road, Third Floor
Oak Brook, IL 60523
(630) 573-8585
Atty. No. 00260495

6