UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08 - cv - 1260 |
| v. | ) ) ) | Hon. James B. Zagel |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER and REBECCA A. TOWNSEND, | ) ) ) ) | |
| Defendants. | ) | |

**OBJECTION BY DAVID S. COCHRAN TO THE RECEIVER'S PLAN FOR ALLOCATION OF ASSETS FROM THE ENTERPRISE TRUST COMPANY**

David S. Cochran, by his attorney, respectfully lodges this Objection to the Receiver's Plan for Allocation of the Assets of Enterprise Trust Company ("the Plan"). Consistent with the objections voiced by others unfairly affected by the Plan, Mr. Cochran asserts that he should not be penalized for the misconduct of another where it is apparent that he was not aware of such misconduct, he did not play any knowing role in such misconduct, and indeed he is a victim of that misconduct. Mr. Cochran therefore requests that this Court direct the Receiver to distribute the remaining and recoverable assets of the Enterprise Trust Company among all victimized customers on a *pro rata* basis.

In support of this Objection and request, Mr. Cochran states as follows:

On or about July 21, 2008, the Receiver for Enterprise Trust Company filed with this Court his Proposed Plan. This Plan would not distribute the available, liquid assets of Enterprise Trust on a *pro rata* basis among the innocent customers of Enterprise Trust, but instead would create distinct classes of customers. One such class is made up of those termed as the "Custodial Account" holders

and customers in this class generally would receive 55% of their net investment at Enterprise. Another class, termed the "Managed Account" holders, would receive only 25% of their net investment at Enterprise. Although the Receiver's Plan offered credible assertions about the complexities of managing the affairs of Enterprise Trust, the poor condition of records maintained by Enterprise, and the difficulties that would attend an effort to precisely value the individual liquid assets held by Enterprise, the Plan failed to offer any credible rationale for the idea that Enterprise customers should artificially be divided into classes.

Mr. Cochran therefore concluded, albeit reluctantly, that he should retain counsel to protect his interests in receiving a distribution from the assets of Enterprise Trust. His attorneys then sent a letter to the Receiver, a copy of which is attached to this Objection as Exhibit A. In this letter, counsel outlined the relevant facts concerning Mr. Cochran. The letter described Mr. Cochran's relationship with John Lohmeier, whom Mr. Cochran first met when Lohmeier was a trust officer at Mr. Cochran's bank. Exhibit A, pages 1-2. The letter emphasized that Mr. Cochran maintained investment relationships at Enterprise Trust to provide for his imminent retirement and to help defray expenses from his late wife's struggle against the cancer that ultimately claimed her life. *Id.* The letter made clear what logic dictates: Mr. Cochran had no appetite for risky or highly leveraged investment strategies and he absolutely was unaware that Lohmeier engaged in such practices through Mr. Cochran's account. Lohmeier's conduct in that regard was not only unknown to Mr. Cochran, it was directly contrary to the specific directions that Mr. Cochran gave to Lohmeier at the time the investment account was established.

The letter to the Receiver from Mr. Cochran's counsel then voiced specific objections to the Plan, and particularly to the proposition that Mr. Cochran should receive a lesser distribution than other innocent victims of Lohmeier's fraudulent and faithless misconduct. The letter noted that the

Plan offered no coherent rationale for its proposal to make unequal distributions among equally-innocent victims of misconduct. Exhibit A, pages 2-4. Citing to accepted principles of law, the letter requested that instead, the Receiver should propose and formulate a new plan that would distribute the available assets of Equitable Trust on a *pro rata* basis among all affected customers.

Counsel for the Receiver responded to this letter, Exhibit A, in writing. *See* Exhibit B, attached to this Objection. This letter addresses first the primary objection voiced by Mr. Cochran's lawyer, that the Plan unfairly penalizes innocent customers (like Mr. Cochran) for conduct that they neither knew about nor authorized. The Receiver's lawyer answered that the Receiver "disagrees with [the] assertion that all accounts should participate equally in the distribution because the Receiver does not agree that all of the account holders were similarly situated." Exhibit B, page 1. The letter goes on to outline the undisputed fact that Lohmeier treated some accounts (the "custodial accounts") differently than others (the "managed accounts"). The letter from Receiver's lawyer notes that "custodial clients did not authorize and were not aware of" Lohmeier's misconduct, but the letter makes no effort to assert that owners of managed accounts authorized or were aware of such misconduct. *Id.* The letter then summarily concludes the discussion by announcing that the Receiver "believe[s] that equity requires" the unequal distribution proposed by the Plan. *Id.*

The Receiver undoubtedly believes so, but there simply is no logic underlying that subjective belief. First, for purposes of any rational equitable analysis, all innocent Enterprise customers *are* similarly situated because all were equally unaware of Lohmeier's misconduct. That certain investors put money into custodial accounts while others put money into managed accounts is of no more or less significance than the likely fact that some investors were wealthy and some investors had more modest means. A rational equitable analysis in this case turns on the question of whether any particular customer somehow shares culpability in Lohmeier's misconduct, and in theory

culpable customers should receive reduced shares or no shares at all in any distribution. The Receiver, however, does not and cannot allege that Mr. Cochran shares any culpability for Lohmeier's offenses. Thus, because the very purpose of the receivership in this case is to protect the innocent victims of Lohmeier's fraudulent disregard for his fiduciary duties, equity requires that similarly situated victims of misconduct ought to be similarly treated when restitution is made, because "equality is equity." *See SEC v. Elliott,* 953 F. 2d 1560, 1570 (11th Cir. 1992).

The letter from Receiver's lawyer neither acknowledged nor addressed the essential objection voiced by Mr. Cochran: the Plan seeks to punish Mr. Cochran, who is innocent of wrongdoing, for the misdeeds of Mr. Lohmeier. Nothing in the accepted tenets of equity justifies such a result, and in fact the result is distinctly and unavoidably inequitable. This is the heart of the concern expressed by Mr. Cochran, and that concern understandably is shared by others who would be unfairly treated under the Plan. *See* "Certain Investors' Objection To Receiver's Plan For Allocation Of The Assets Of Enterprise Trust Company" (filed in this case on or about August 22, 2008 as docket document #118) at pages 5-7; "DeChristophers' Objection To Receiver's Proposed Plan Of Distribution" (filed in this case on or about August 25, 2008 as docket document #119) at pages 14-15. Mr. Cochran respectfully asks that the arguments and authorities set forth at those pages of those pleadings be incorporated by reference into this Objection.

WHEREFORE, David S. Cochran respectfully objects to the Plan and asks that it not be approved by this Court or implemented by Receiver, and he further requests that the Receiver instead be directed to prepare a new Plan that accomplishes a *pro rata* distribution of the remaining and recoverable assets of the Enterprise Trust Company.

Dated: September 5, 2008				Respectfully submitted,

						DAVID S. COCHRAN


						By: /s/ Mark L. Rotert
						       One of His Attorneys

Mark L. Rotert
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
Tel.: 312-338-0200
Fax: 312-338-0070
mrotert@stetleranduffy.com
hbasker@stetleranduffy.com

## CERTIFICATE OF SERVICE

      I, Mark L. Rotert, an attorney, certify that I caused copies of the forgoing **Objection by David S. Cochran to the Receiver's Plan for Allocation of Assets from the Enterprise Trust Company** to be filed with the Clerk of the Court and served via the Court's CM/ECF System on all counsel of record this 5th day of September, 2008.

                                              /s/ Mark L. Rortert
                                                  One of his Attorneys

Mark L. Rotert
Henry M. Baskerville
STETLER & DUFFY, LTD.
11 South LaSalle Street
Suite 1200
Chicago, Illinois 60603
Tel.: 312-338-0200
Fax: 312-338-0070
mrotert@stetleranddunffy.com
hbasker@stetleranddunffy.com