IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND,<br><br>      Defendants. | No. 08 CV 1260<br><br>Judge James B. Zagel |

### RECEIVER'S MOTION FOR ORDER APPROVING PROPOSED SETTLEMENT AGREEMENT AND FOR ANCILLARY ORDERS

Phillip L. Stern, as Receiver for Enterprise Trust Company ("Enterprise"), on the accompanying memorandum of law and declaration, respectfully moves the Court for entry of an order approving a proposed settlement with optionsXpress, Inc. ("optionsXpress"), the terms of which are set out in a settlement agreement attached to the accompanying memorandum of law as Exhibit A (the "Settlement Agreement"). The central terms of the Settlement Agreement are:

  1. In exchange for the Receiver's release of all claims or potential claims arising from or related to optionsXpress's alleged acts, errors, or omissions with respect to the brokerage accounts held in the name of Enterprise, at optionsXpress, in which any Enterprise customer allegedly had a direct or indirect interest (collectively, the "Accounts"), optionsXpress shall pay to the Receivership Estate the cash sum of One Million Three Hundred Thousand Dollars ($1,300,000.00), within 10 days of entry of a Bar Order substantially in the form attached to the accompanying memorandum of law as Exhibit B (the "Bar Order").

2. The requested Bar Order will (a) permanently bar, enjoin, and restrain Enterprise and all Enterprise customers from commencing, prosecuting, maintaining, or asserting any current or potential claim against optionsXpress arising from or relating to, in whole or in part, optionsXpress's alleged acts, errors, or omissions with respect to the accounts held at optionsXpress by Enterprise (the "Accounts") or the claims or allegations in, arising out of, or relating to the above-captioned matter; and (b) permanently bar, enjoin, and restrain any current or potential defendant in this action from commencing any claim for indemnification, contribution, or damages against optionsXpress arising from or related to, in whole or in part, optionsXpress's alleged acts, errors, or omissions with respect to the Account or the claims or allegations in, arising out of, or relating to the above-captioned matter.

3. For the reasons detailed in the accompanying memorandum, the Receiver believes that the proposed settlement with optionsXpress is fair, reasonable, equitable, and in the best interests of the Receivership Estate.

4. In conjunction with his motion seeking approval of the proposed settlement, the Receiver also moves for an ancillary order to facilitate settlement by establishing procedures for presentation of any objections to the proposed settlement, and setting the matter for a hearing on this motion and any related objections. The proposed procedure is as follows:

    (a)    The Receiver shall:

        (i)    Cause to be mailed by first class United States mail, to all Enterprise clients, as well as the parties to this litigation, a letter (1) containing the Receiver's Motion for Order Approving Settlement, the Settlement Agreement and proposed Bar Order; and (2) explaining the process by which Enterprise clients may object to the settlement; and

2

(ii) Post a copy of the Motion, Settlement Agreement, Proposed Bar Order and Enterprise client letter on the Enterprise website.

(b) Objections to the Plan of Allocation must be submitted in writing to the Receiver and optionsXpress and postmarked no later than February XX, 2009. Objections should be sent to:

> Phillip L. Stern
> Receiver for Enterprise Trust Company
> c/o Neal Gerber & Eisenberg
> 2 N. LaSalle Street
> Suite 2200
> Chicago, Illinois 60602
>
> and
>
> optionsXpress, inc.
> c/o Julian Solotorovsky
> Kelley Drye & Warren LLP
> 333 West Wacker Drive, Suite 2600
> Chicago, Illinois 60606

(c) The Receiver shall review and consider the comments, suggestions and objections of clients. If, after considering the objections, the Receiver and optionsXpress believe that the proposed settlement should not go forward, or should and can be modified in any way, the Receiver shall file a modified settlement agreement signed by both parties with the Court and post same on the Enterprise website in advance of the hearing. After the close of the objection period, the Receiver shall file with the Court a summary of the objections received, the objections themselves, and if appropriate, a modified Settlement Agreement.

A final hearing to approve the settlement with optionsXpress shall be held on March __, 2009, at 11:00 a.m., before the Honorable James B. Zagel, in Court Room 2503 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, at which time any Enterprise

client objections to the proposed settlement shall be considered. Any client who has failed to provide a timely written objection to the settlement shall not be permitted to object at the hearing.

Date: January 20, 2009                                  Respectfully submitted,


/s/Michael Z. Gurland
Counsel to the Receiver Phillip L. Stern


Michael Z. Gurland, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 2200
Chicago, IL 60602-3801
(312) 269-8000
(312) 269-1747

NGEDOCS: 1592187.3