1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION )<br><br>Plaintiff, )<br>vs. )<br> )<br>ENTERPRISE TRUST COMPANY, JOHN H. )<br>LOHMEIER and REBECCA A. TOWNSEND )<br> )<br>Defendants )<br>_____ ) | Case No 08 CV 1260<br><br>Hon. James B. Zagel |

COMES NOW Jimmy Gibson, through counsel The Law Office of David Liebrader, A.P.C. to file an objection to the proposed settlement with Optionsxpress as follows:

Mr. Gibson is a victim of the Enterprise Trust fraud. By his own account, he has lost over $300,000. Mr. Gibson is presently pursuing a claim against Optionsxpress, among other broker dealers for their role in the Enterprise fraud. Mr. Gibson is concerned that he, as well as other victims of the fraud have not been given sufficient notice and opportunity to consider and object or approve the Receiver's proposed settlement with Optionsxpress.

Apparently, the Receiver reached an agreement with Optionsxpress on January 20, 2009. That is the day the settlement agreement was signed. That same day the Receiver filed a motion with the court, giving the thousand or so victims of this massive fraud only NINE days to review, speak to counsel, research and respond to the motion. This is simply not enough time.

Furthermore, the settlement seeks an Order that would bar claims of all Enterprise account holders against Optionsxpress. This affects Mr. Gibson directly, as he currently maintains a claim against Optionsxpress.

1    As the court is no doubt aware, investors have lost upwards of $40 million in this

2    fraud. The Receiver himself acknowledges that accounting for missing funds has been

3    difficult. Yet, with only nine days to consider the settlement (less if service is included) the

4    Receiver wants the court to approve a settlement that settles a portion of the larger fraud for

5    pennies on the dollar. The settlement does not consider the key role broker dealers like

6    Optionsxpress played in keeping this fraud going, nor does it consider whether Optionsxpress

7    was negligent, and whether this negligence played a role in perpetuating the $40 million fraud.

8    It seems, under these circumstances that the Receiver is in too much of a hurry, and should

9    allow time for the Enterprise account holders to consider the settlement and submit objections

10   in a time allowed for under typical class action time frames.

11   While this is not a class action, the results sought are analogous; a settlement to bind

12   the class and bar litigation against the settling party. Using standards required under Rule 23

13   of the FRCP, a court may approve a proposed settlement or compromise of claims that would

14   bind class members only after holding a hearing on whether the proposed settlement is fair,

15   reasonable and adequate.

16   FRCP 23(e).

17   While the District Court has wide latitude in conducting a fairness hearing, See UAW

18   v. GMC, 497 F. d615 (6th Cir. 2007) it should, at a minimum require that notice be sent to the

19   Class, formally or informally to allow the class more than nine days to object. Notice of a

20   proposed settlement and of the fairness hearing is an explicit precondition to any approval of

21   the settlement. FRCP 23(e)(1).

22   The purpose of a post notice fairness hearing is to permit non settling parties and class

23   members to present their views concerning the fairness of the proposed settlement, See

24

25

2{

26

County of Suffolk v. Long Island Lighting, 710 F. Supp. 1422 (E.D.N.Y. 1989). The process of obtaining input from parties and class members other than those who proposed the settlement, dismissal or compromise is so important that courts sometimes hold multiple hearings in different locations to facilitate a wider degree of participation. County of Suffolk v. Long Island Lighting, id, at 1424.

Here it appears that the primary motivation for the settlement was Optionsxpress' deadline to respond to Mr. Gibson's complaint in a FINRA Arbitration. Coincidentally, on the day that their answer was due (as well as their answers in two other FINRA arbitrations,) Optionsxpress entered into a settlement with the Receiver. This hasty settlement not only cut off Mr. Gibson, it deprived the thousand or so Enterprise victims a meaningful opportunity to consider the settlement, let alone object. Further, Optionsxpress' insistence that all claims against it be barred requires an even more careful consideration of the settlement by the court, lest legitimate claims be extinguished.

Mr. Gibson's objection here is not to the merits of the settlement, but purely as to the timing. Objector believes that formal notice is required, and not simply nine days notice.

///

Wherefore Objector prays that the Court Order that the Receiver provide some form of formal notice to the Enterprise Trust victims and provide them an opportunity to comment on the proposed settlement and bar order request.

Dated: January 26, 2009          Respectfully submitted,

                                 By: s//: David Liebrader

                                 DAVID LIEBRADER, ESQ.
                                 THE LAW OFFICE OF DAVID LIEBRADER

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NV SBN 5048
601 S. RANCHO DR. STE. D-29
LAS VEGAS, NV 89106
Ph: (702) 380-3131
Fx: (702) 380-3102
dliebrader@earthlink.net
Attorney for Defendants
PRO HAC VICE APPLICATION PENDING


                    ###