# EXHIBIT A

# SETTLEMENT AGREEMENT AND SPECIAL RELEASE

This Settlement Agreement and Special Release (the "Agreement") is made and entered into as of this 20th day of January 2009 by and between optionsXpress, Inc., a Delaware corporation ("optionsXpress"), on the one hand, and Phillip L. Stern, the court-appointed receiver for Enterprise Trust Company ("Enterprise") in the case styled *Securities and Exchange Commission v. Enterprise Trust Co. et al.* pending in the United States District Court for the Northern District of Illinois (case no. 08-cv-1260) (the "Receiver"), on the other hand.

## RECITALS

WHEREAS, the Receiver is empowered and authorized to act on behalf of the receivership estate of Enterprise (the "Receivership Estate");

WHEREAS, there is a potential dispute between the Receiver and optionsXpress arising out of or relating to optionsXpress's alleged acts, errors, or omissions with respect to the accounts held by Enterprise at optionsXpress (the "Potential Claim");

WHEREAS, optionsXpress denies any wrongdoing whatsoever arising out of or relating to its alleged acts, errors, or omissions with respect to the accounts held at optionsXpress in the name of Enterprise;

WHEREAS, the Receiver has the authority to prosecute, defend, and settle any and all claims and potential claims on behalf of the Receivership Estate arising from Enterprise's accounts at optionsXpress, including the Potential Claim;

WHEREAS, the Receiver has spent time investigating the merits of the Potential Claim;

WHEREAS, the Receiver and optionsXpress have agreed to settle the Potential Claim to avoid the expense, burden, and uncertainties of litigation without any admission of liability by any party;

WHEREAS, the Receiver believes that it is in the best interests of the Receivership Estate to settle the Potential Claim in light of, among other things, the considerable time, expense, and risk that would be necessitated by litigating;

WHEREAS, the Receiver and optionsXpress acknowledge and agree that entry by the Court in the above-described action pending in the United States District Court for the Northern District of Illinois of the order attached hereto as Exhibit A (the "Bar Order"), such Bar Order hereby being incorporated into this Agreement in its entirety, is a fair, desirable, and necessary condition to the settlement described herein;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows.

CH01/REILJ/237300.1

## AGREEMENT

1. Within ten (10) days after both (i) the receipt of an executed copy of this Agreement and (ii) entry of the Bar Order, optionsXpress shall pay to the Receivership Estate the sum of One Million Three Hundred Thousand Dollars ($1,300,000.00) in full and complete settlement of any and all claims that the Receivership Estate may have against optionsXpress with respect to the Potential Claim.

2. In consideration of the foregoing and the special release set forth herein, the Receiver, on behalf of himself and the Receivership Estate (Enterprise no longer being an operating entity, and it being contemplated that Enterprise shall cease to exist upon distribution of the Receivership Estate), hereby releases and forever discharges optionsXpress together with its and their subsidiaries, parents and other affiliates and its and their respective past and present employees, officers, directors, successor and predecessor entities, and attorneys and each of them (collectively, the "optionsXpress Agents") from any and all liability arising from or related to the Potential Claim.

3. In further consideration of the foregoing and the special release set forth herein, the Receiver agrees to intervene and cooperate to the fullest extent possible, including without limitation by taking appropriate measures to give the Bar Order its fullest possible effect, with optionsXpress in any proceedings, regardless of the forum, brought by any individual or entity Customer of Enterprise, as that term is defined in the Bar Order, arising out of or relating to, directly or indirectly, any alleged acts, errors, or omissions by optionsXpress with respect to the accounts held by Enterprise at optionsXpress.

4. This Agreement may be signed in multiple counterparts, each of which shall be deemed to be an original for all purposes.

5. Each party to this Agreement hereby represents and warrants that he or it has not assigned or transferred any claim, right, or interest encompassed by this Agreement to any person or entity.

6. This Agreement is binding upon and shall inure to the benefit of the parties' respective successors and assigns.

7. This Agreement constitutes the entire understanding of the parties with respect to the matters set forth herein and may not be modified, amended, or altered except by the express written agreement of the parties as set forth in a single document signed by each of the parties.

8. Nothing contained in this Agreement is intended to be or may be construed as an admission by either party with respect to any claims or contentions of liability or defense. Rather, each party acknowledges that it has entered into this Agreement solely to avoid the further expense and uncertainty of litigation.

9. Each party represents and warrants that (i) this Agreement is within its powers and authority to execute; and (ii) in the case of optionsXpress, execution of this Agreement has been duly authorized by any and all necessary corporate action.

CH01/REDJ/2373001.1                        2

10.  This Agreement shall be construed and the legal relation between the parties determined in accordance with the internal laws of the State of Illinois without regard to that State's conflict of laws, and the parties hereto consent to the continued jurisdiction of, and agree to present any future matters related to this Agreement to, the United States District Court for the Northern District of Illinois, Eastern Division.

[Signature page follows.]



CH01/REILJ/237300.1                              3

IN WITNESS HEREOF, the parties have executed this Settlement Agreement and Special Release as of the date first written above.

OPTIONSXPRESS, INC.

By: _____
Ned W. Bennett
CEO, optionsXpress, Inc.

PHILLIP L. STERN, AS RECEIVER
FOR ENTERPRISE TRUST COMPANY

By: _____
Phillip L. Stern
Receiver for Enterprise Trust Company