MHN

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No. 08 CV 1260 |
| ENTERPRISE TRUST COMPANY,<br>JOHN H. LOHMEIER,<br>and REBECCA A. TOWNSEND, | :<br>:<br>: Judge: James B. Zagel |
| Defendants. | :<br>: |

## FINAL JUDGMENT AGAINST JOHN H. LOHMEIER

The Securities and Exchange Commission having filed a Complaint and Defendant, John H. Lohmeier, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment Against John H. Lohmeier ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $2,012,748, representing profits gained and/or losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $198,852, for a total of $2,211,600. Based on Defendant's sworn representations in his Statement of Financial Condition dated October 16, 2008, and other documents and information submitted to the Commission, the Court is not ordering Defendant to pay a civil penalty. Defendant shall transfer to the Receiver appointed by the Court in this action, Phillip Stern, for distribution to Enterprise Trust Company ("Enterprise") clients, pursuant to a plan of distribution approved by the Court on October 7, 2008 (docket entry 171), his interest in the following assets and claims:

1. Desert Hills Bank Stock, 90,645 shares, subject to these shares being used as collateral toward the payoff of one-half of the outstanding principal, interest and

other fees and expenses due on the promissory note with Leaders Bank dated March 24, 2006;

2. Carson River Bank stock, 18,270 shares (reflected in SunGard account 8807);

3. Carson River Bank warrants, 9,135 shares (reflected in SunGard account 6057);

4. Penguin Computing stock, 200,000 shares (reflected in SunGard account 6057);

5. RG America stock, 83,333 shares (reflected in SunGard account 6057);

6. Valley Capital Bank stock, 4,955 shares (reflected in SunGard account 6057), plus 16,835.67 shares (reflected in SunGard account 8801);

7. All of John Lohmeier's interest in any loans purportedly made by John Lohmeier to Rebecca A. Townsend, and all proceeds from any payments made in the past or the future from Townsend to Lohmeier in connection with such loans;

8. All of John Lohmeier's interest in any claimed assets held by Enterprise, including any interest he has in any assets reflected in accounts 6057, 6094, 8801 and 8807;

9. All interest in any equity or beneficial ownership interest John Lohmeier claims to have in Enterprise;

10. All of John Lohmeier's interest in any claimed loans or other debts owed by Enterprise to John Lohmeier, including John Lohmeier's interest in company loans to Enterprise reflected in SunGard account 6057;

11. All of John Lohmeier's interest in any assets held in the name of Enterprise;

12. All of John Lohmeier's interest in any claims of any kind against Enterprise;

13. Balance in TCF Checking Account No. 1876450586 (approximately $10,000); and

14. $50,000, which represents John Lohmeier's interest in the funds held in Charter One Bank money market account number ending 0032.

The Receiver will liquidate these assets and claims in satisfaction of Defendant's disgorgement and prejudgment interest obligations. If, after liquidation of all assets listed above, the Defendant's assets and claims do not fully satisfy Defendant's $2,211,600 disgorgement and prejudgment interest obligations, the Commission will waive the outstanding balance. In the event that the Defendant does not turn over all of assets listed above, the Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

Defendant shall timely execute, at the request of the Receiver, all documents necessary to transfer title, without encumbrances, of the foregoing assets to the Receiver. Transfers or assignments by Defendant of assets to the Receiver, as specified in this Section, shall be made pursuant to specifications to be provided to Defendant's counsel by the Receiver. Payments made in satisfaction of this order shall be made by cashier's check to "Phillip L. Stern as Receiver for Enterprise Trust Company," and delivered to the Receiver by the required date, along with a cover letter identifying the case name, case number, and name of Defendant. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, assignments or transfers of interest, and no part of the funds shall be returned to Defendant. The Receiver shall use all assets transferred by Defendant in satisfaction of this Final Judgment, net of the Receiver's reasonable expenses, for distribution to Enterprise Trust Company clients, pursuant to a plan of distribution to be approved by the Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment

interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

The determination not to impose a civil penalty and to waive a portion of the disgorgement and pre-judgment interest amount is contingent upon the accuracy and completeness of Defendant's Statement of Financial Condition. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest

or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

### III.

IT IS FURTHER ORDERED that the Consent of Defendant John H. Lohmeier to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including enforcement of the terms of this Final Judgment

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 1 May 2009

UNITED STATES DISTRICT JUDGE