UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08 CV 1260 |
| ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND, | : Judge: James B. Zagel |
| Defendants. | : |

**FINAL JUDGMENT AGAINST REBECCA A. TOWNSEND**

The Securities and Exchange Commission having filed a Complaint and Defendant, Rebecca A. Townsend, having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment Against Rebecca A. Townsend ("Final Judgment") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $137,082, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $19,753, for a total of $156,835. Defendant is also liable for a civil penalty in the amount of $10,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by transferring to the Receiver appointed by the Court in this action, Phillip Stern, for distribution to Enterprise Trust Company ("Enterprise") clients, pursuant to a plan of distribution approved by the Court on October 7, 2008 (docket entry 171), her interest in the following assets and claims, which the Receiver has valued at $166,835:

 1. Desert Hills Bank Stock, 5,244 shares (SunGard account XX6089);

 2. Desert Hills Bank Stock, 800 shares (SunGard account XX6098);

 3. Carson River Bank Stock, 1,600 shares (SunGard account XX6617);

4. Republic National Bank, 70 shares (SunGard account XX6089);

5. Republic National Bank, 40 shares (SunGard account XX6098);

6. Royal Assets Land Fund, 2,100 shares (SunGard account XX6089);

7. Royal Assets Land Fund, 200 shares (SunGard account XX6098);

8. Royal Assets Land Fund, 10,000 shares (SunGard account XX6177);

9. Valley Capital Bank stock, 150 shares (SunGard account XX6177);

10. Valley Capital Bank stock, 500 shares (SunGard account XX6089);

11. Valley Capital Bank stock, 100 shares (SunGard account XX6098);

12. All of Rebecca Townsend's interest in any claimed assets held by Enterprise, including any interest that she has in any assets reflected in accounts XX6089, XX6098, and XX6177;

Upon presentation of evidence of the transfer of assets and its receipt by the Receiver deemed acceptable by staff of the Commission, Defendant shall have no further obligation with regard to the amounts ordered. In the event that the Defendant does not turn over all of assets listed above, the Defendant shall also pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §1961.

Defendant shall timely execute, at the request of the Receiver, all documents necessary to transfer title, without encumbrances, of the foregoing assets to the Receiver. Transfers or assignments by Defendant of assets to the Receiver, as specified in this Section, shall be made pursuant to specifications to be provided to Defendant by the Receiver. Payments made in satisfaction of this order shall be made by cashier's check to "Phillip L. Stern as Receiver for Enterprise Trust Company," and delivered to the Receiver by the required date, along with a

cover letter identifying the case name, case number, and name of Defendant. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action. Defendant relinquishes all legal and equitable right, title, and interest in such payments, assignments or transfers of interest, and no part of the funds shall be returned to Defendant. The Receiver shall use all assets transferred by Defendant in satisfaction of this Final Judgment, net of the Receiver's reasonable expenses, for distribution to Enterprise Trust Company clients, pursuant to an order by this Court.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

### III.

IT IS FURTHER ORDERED that the Consent of Defendant Rebecca A. Townsend to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### IV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including enforcement of the terms of this Final Judgment.

## V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 24 Feb 2011

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,  :  Plaintiff,  :  v.  :  ENTERPRISE TRUST COMPANY, JOHN H. LOHMEIER, and REBECCA A. TOWNSEND,  :  Defendants.  : | Civil Action No. 08 CV 1260  Judge: James B. Zagel |

### CONSENT OF DEFENDANT REBECCA A. TOWNSEND TO FINAL JUDGMENT

1.      Defendant Rebecca A. Townsend ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

  (a)      permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5];

  (b)      orders Defendant to pay disgorgement in the amount of $137,082, plus prejudgment interest thereon in the amount of $19,753;



   (c) orders Defendant to pay a civil penalty in the amount of $10,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and

   (d) orders that the Defendant shall satisfy the obligations referenced in Sections 2(b) and 2(c) above by transferring to the Receiver appointed by the Court in this action, Phillip Stern, for distribution to Enterprise Trust Company ("Enterprise") clients, pursuant to a plan of distribution approved by the Court on October 7, 2008 (docket entry 171), her interest in the following assets and claims:

1. Desert Hills Bank Stock, 5,244 shares (SunGard account XX6089);
2. Desert Hills Bank Stock, 800 shares (SunGard account XX6098);
3. Carson River Bank stock, 1,600 shares (SunGard account XX6617);
4. Republic National Bank, 70 shares (SunGard account XX6089);
5. Republic National Bank, 40 shares (SunGard account XX6098);
6. Royal Assets Land Fund, 2,100 shares (SunGard account XX6089);
7. Royal Assets Land Fund, 200 shares (SunGard account XX6098);
8. Royal Assets Land Fund, 10,000 shares (SunGard account XX6177);
9. Valley Capital Bank stock, 150 shares (SunGard account XX6177);
10. Valley Capital Bank stock, 500 shares (SunGard account XX6089);
11. Valley Capital Bank stock, 100 shares (SunGard account XX6098);
12. All of Rebecca Townsend's interest in any claimed assets held by Enterprise, including any interest that she has in any assets reflected in accounts XX6089, XX6098, and XX6177;

3. Defendant agrees that she shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket with respect to Defendant. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings, privately or publicly, in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement of this part of the action against him.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (ii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S.

Government per diem rates; and (iii) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 11/27/2010

Rebecca A. Townsend, *Pro Se*

**STATE OF ILLINOIS** } SS:
**COUNTY OF** ~~DUPAGE~~ Will }

The foregoing instrument was acknowledged before me this 27 day of Nov, 2010, by REBECCA A. TOWNSEND, who ___ is personally known to me or ___ who has produced a valid driver's license as identification and who did take an oath.

_____
Notary Public
State of Illinois
Commission Number           :
Commission Expiration       :

"OFFICIAL SEAL"
Marilyn Huiner
Notary Public, State of Illinois
Will County
My Commission Expires June 16, 2013